[Civ. No. 5337.   Third Appellate District.—May 8, 1935.]

ADA HALE, Respondent, v. NATHAN HALE, Appellant.

Howe, Hibbett & Johnston and Lucas F. Smith for Appellant.

J. R. Wilder and J. Widoff for Respondent.

COATS, J., *pro tem.*—The plaintiff and defendant were husband and wife and were divorced by a final decree of divorce on April 2, 1918. The interlocutory decree was made and entered on March 20, 1917. By these decrees the plaintiff was awarded the custody of the minor children of the marriage, namely, Ezli Hale, hereinafter referred to as Robert Hale, Grace Hale and Earl Hale; and defendant was ordered to pay to plaintiff for the support of herself and said children the sum of $45 per month.

On December 6, 1932, plaintiff presented to the court an affidavit for the purpose of procuring a writ of execution. She states in this affidavit that she has remarried and there is unpaid upon the decree the sum of $5,735. Upon this affidavit the court made an *ex parte* order directing execution to issue. Defendant then moved to vacate said order and to re-

·call the execution, and from the order denying his motion, defendant appeals.

The delinquent payments on which the execution is based covers the years 1921 to 1932, inclusively. On August 18, 1926, plaintiff remarried and is now living with her present husband. The children became of age on the following dates: Robert in January, 1926; Grace in June, 1928, and Earl in August, 1932. Grace was married in the month of June, 1926, but about three weeks after the marriage separated from her husband and has since lived with her mother.

■ The court has authority upon *ex parte* application to order the issuance of the execution on a judgment for alimony and support and maintenance of children. Defendant, if he has good cause to show against the issuance of the execution, has his remedy by motion to vacate the order and recall the execution. (*Parker* v. *Parker*, 203 Cal. 787 [266 Pac. 283].)

■ The issuance of the execution is within the discretion of the court and its order will not be disturbed unless there has been an abuse of that discretion. An abuse of discretion exists when it plainly appears that the action of the trial court effects an injustice (*Clavey* v. *Lord*, 87 Cal. 413 [25 Pac. 493]), and the defendant is not entitled to relief in the present case, unless it appears that in equity and good conscience, he should not be compelled to pay the amount fixed in the execution. (*Dochla* v. *Phillips*, 151 Cal. 488 [91 Pac. 330].)

■ The plaintiff's duty to support his wife terminated with her marriage. His duty towards his children is to support them during their minority and as each child attains majority this duty terminates. (*Tremper* v. *Tremper*, 39 Cal. App. 62 [177 Pac. 868].) Since plaintiff's remarriage she has been presumptively supported by her present husband (*Cohen* v. *Cohen*, 150 Cal. 99 [88 Pac. 267, 11 Ann. Cas. 520]) and no attempt has been made by plaintiff to overthrow this presumption.

In August, 1932, the youngest child became of age and thereupon the entire duty of defendant based on the decree ceased. In the year 1926 plaintiff remarried and within two years thereafter the two elder children had become of age. Approximately $3,200 of the sum of $5,735 for which

the execution was issued is for payments accruing after the remarriage of plaintiff. ■ While it is true that defendant should have applied for a modification of the decree, as the decree does not specify separate amounts for the wife and each child, it is also true that, when under ordinary circumstances the duty of defendant to support plaintiff and two of the children had ceased, plaintiff was not in equity and good conscience entitled thereafter to the full amount set forth in the decree, nor to the issuance of execution therefor when the granting of the writ lies within the discretion of the court. To require defendant to be answerable for this full amount palpably effects an injustice. ■ Plaintiff excuses her delay in applying for the writ by alleging that for a considerable period defendant was absent from the state of California. These allegations may be sufficient to justify such delay, but they do not justify what, in effect, is a revived judgment for a sum grossly in excess of that which the defendant should reasonably be compelled to pay.

■ Defendant in this proceeding has appealed to the court to relieve him from an unjust order, and presumably would have made no objection to the order, had it and the execution based thereon been for the amount which clearly appears as a just obligation, which he should unquestionably pay. There is no doubt that during the minority of his children and while the plaintiff was unmarried, he should have complied with the judgment of the court. The aid of this court should not now be extended to him so that he may avoid this just obligation. To determine what portions of the entire amount during the later years after the remarriage of plaintiff should be allowed for the support of Earl who attained his majority in August, 1932, would be to indulge in speculation and guess and such determination is clearly not the province either of this court or of the trial court. (*Parker* v. *Parker, supra.*) It appears, however, that at the date of the remarriage of plaintiff, there was then due upon the judgment the sum of $2,530. No good reason appears why defendant should not be compelled to pay this amount.

The proceedings are remanded to the lower court, with directions to the court that it amend its order directing execution to issue and the execution itself so that the same will

be for the total sum of $2,530, and that any property that may have been levied upon, remain subject to the lien of such execution.

Plummer, J., and Pullen, P. J., concurred.