[Civ. No. 10109.  Second Appellate District, Division One.—December 19, 1935.]

ADABELLE HARRIS, Appellant, v. W. GLEN HARRIS, Respondent.

Goodspeed, Pendell & McGuire and G. Roy Pendell for Appellant.

Frank S. Hutton for Respondent.

EDMONDS, J., *pro tem.*—The plaintiff in this action was formerly the wife of the defendant. Some years ago she sued him for divorce. This action is brought to recover the amount claimed to have accrued under the interlocutory and final decrees of divorce in her favor, awarding her the sum of $25 per week for the support of herself and a minor child.

In the first cause of action of the complaint it is alleged that by the interlocutory decree of divorce entered in 1928, the Superior Court of Los Angeles County ordered the defendant here to pay to plaintiff for the support of herself and their minor child the sum of $25 per week until the further order of the court. In the following year, it is alleged, the court made its final decree of divorce ordering that any provision for support contained in the interlocutory decree should continue to bind the parties affected. It is further alleged that the final decree of divorce was never modified prior to October 18, 1932; that the weekly payments were made to August 13, 1930; and that the payments accruing between these two dates remain due and unpaid.

By a second cause of action plaintiff repleads all of the allegations of the first cause of action, and also that the minor child of the parties died in April, 1930. She further alleges that in June, 1931, she commenced an action in the Municipal Court of the City of Los Angeles for the amount accrued upon the decree since a date subsequent to the death of the child, and that this action was determined adversely to her. The pleadings in the municipal court action and the findings and judgment thereon are included in the complaint in the instant action. It is also alleged that she appealed from that judgment to the superior court which made findings of fact, conclusions of law and judgment against her in lieu of those

made by the municipal court under the provisions of section 988i of the Code of Civil Procedure. The complaint also shows that after her petition for a rehearing of this decision was denied she petitioned the District Court of Appeal and the Supreme Court for a writ of *certiorari* to review the action of the superior court, each of which courts denied her petition.

By further allegations plaintiff shows that in October, 1932, the defendant here applied to the superior court for a modification of the provisions of the interlocutory and final decrees of divorce providing for support; that this application, after a hearing in which plaintiff appeared, was granted and the requirement for support was terminated effective October 18, 1932, but without prejudice to rights or obligations accruing prior to that date.

In addition to these allegations of matters of record in former litigation between plaintiff and her former husband, she alleges that the community property belonging to herself and her husband was not divided at the time of the divorce, and that it was of considerable value. She also pleads two promises, each of which is alleged to have been made by the defendant and not fulfilled by him. The first is said to have been made prior to the date of the interlocutory decree. She alleges that defendant promised her that if she would qualify herself to teach school he would assist her in meeting the expense of attendance at a university. The second, she asserts, was made after the death of the child. This allegation is that defendant promised that if plaintiff would buy a new automobile for herself, he would make the monthly payments required for its purchase. She also alleges that the income of defendant from the date of the interlocutory decree to the date of its modification was in excess of $6,200 per year.

The prayer of the complaint is, first, for the sum of $25 per week from August 13, 1930, to October 18, 1932, the latter being the date of the order modifying the decrees of divorce; second, for judgment making certain the weekly amounts to which plaintiff is entitled under the decree of divorce for the period between these dates; and, finally, for a judgment that the judgment of the superior court rendered on appeal from the municipal court is void.

To this complaint the defendant demurred both generally and specially. The demurrer was sustained with leave to amend. Plaintiff declined to amend, and a judgment of dismissal was entered, from which this appeal is prosecuted.

The points presented by the appellant are, first, that uncertainties in a judgment may be cured by an equitable action, and, second, that the judgment rendered by the superior court on appeal is void, section 988i of the Code of Civil Procedure being unconstitutional.

■ It is conceded by the complaint that defendant paid all amounts required by the decrees of divorce to the date of the death of the child. The superior court determined that the provisions of the decrees concerning the amounts to be paid to plaintiff by the defendant have, since the date of the death of the child, been too uncertain to be enforceable. That judgment became final before the complaint in this action was filed and is conclusive upon the parties here. ■ "It is a doctrine of law too long established to require the citation of authorities that where a court has jurisdiction it has a right to decide every question arising in the cause, and, whether its decision be correct or otherwise, its judgment until reversed is binding on every other court. Errors which it may make must be corrected from within by motion or appeal." (*Bradford* v. *Trapp*, 49 Cal. App. 493 [193 Pac. 584]; sec. 1908, Code Civ. Proc.)

■ As to the other point raised by appellant, it is well settled that an action in equity for relief from a judgment or to fix rights under a judgment may be maintained under certain circumstances. But it is elementary that the assistance of equity cannot be invoked so long as there is a remedy available in the action in which the judgment was rendered. (*Ede* v. *Hazen*, 61 Cal. 360; *California Beet Sugar Co.* v. *Porter*, 68 Cal. 369 [9 Pac. 313].)

■ The superior court retained jurisdiction in the original proceeding for divorce to modify its order for support from time to time upon a proper showing. (*Parker* v. *Parker*, 203 Cal. 787, 795 [266 Pac. 283]; sec. 139, Civ. Code.) That jurisdiction was exercised and the decree was modified terminating the requirement that the defendant make further payments to plaintiff. This is the equivalent of a judgment that plaintiff is not entitled to any further amounts from the defendant, and she cannot maintain this

action to secure another determination of an issue which has been adjudicated adversely to her in the divorce proceeding.

The judgment is affirmed.

Houser, P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 17, 1936, and the following opinion then rendered thereon:

THE COURT.—The petition for hearing after decision by District Court of Appeal, Second District, Division One, is denied.

Petitioner contends that the last sentence of the opinion is ambiguous. We do not so construe it. Reading this sentence in connection with the remaining portions of the opinion, we think the intent of the writer of the opinion was to hold that plaintiff is not entitled to any further payments of alimony maturing after October 18, 1932, but without prejudice to her rights to proceed in the divorce action to recover any unpaid installments of alimony accruing prior to that date.