**ANNA** M. FROST, Plaintiff, *v.* DAVID L. FROST, Defendant.

Supreme Court, Special Term, Nassau County, March 24, 1947.

*Meyer F. Goodman* for plaintiff.

*Julia L. Seider* for defendant.

STODDART, J. Two motions. The plaintiff's motion is for an order directing the entry of a judgment for arrears in alimony, and the defendant, by cross motion, applies for a modification of the final judgment of divorce by eliminating the provision for alimony.

The parties were divorced in 1932 and the plaintiff was awarded $30 a week for the support of herself and of their two children. In 1939 the parties resumed living together, without any ceremony legalizing the relationship, which continued until January 18, 1947. On that date, they separated.

The plaintiff desires to enter a judgment for the arrears accruing from January 18, 1947, until March 3, 1947 (the date of the notice of motion), a sum of $210. The defendant claims that the plaintiff's conduct in resuming living with him when they were no longer legally married bars her from any alimony, past or future, and prays that the judgment of divorce be modified accordingly. " Courts have jurisdiction over the marriage relation, its incidents and its ultimate consequences only as such jurisdiction is conferred by statute (*Erkenbrach* v. *Erkenbrach*, 96 N. Y. 456, 463; *Wilson* v. *Hinman*, 182 N. Y. 408, 410)." (*Waddey* v. *Waddey*, 290 N. Y. 251, 253.)

The statute (Civ. Prac. Act, § 1172-c) provides that upon remarriage a final judgment awarding alimony to the wife " must " be modified, and that upon proof that the wife, although not remarried, is habitually living with " another " man, a final judgment " may " be modified by annulling the alimony provisions. The plaintiff herein has not remarried, nor is she living with " another " man. Therefore, the statute has no application. Moreover, should the defendant be considered as " another " man, the statute is inapplicable for the final judgment of divorce was entered in 1932 whereas the portion of the statute dealing with meretricious relationship was not added until 1938. In an action wherein the proof revealed that the wife was living with another man subsequent to the date the statute became effective, it was held that the judgment she obtained in 1928 could not be so modified (*Waddey* v. *Waddey, supra*). The court wrote, at page 254: " It is a settled rule of statutory construction that the provisions of a statute will not be applied retrospectively where they are capable of any other construction unless the intent of the Legislature to the contrary clearly appears (*New York & Oswego Midland R. R. Co.* v. *Van Horn*, 57 N. Y. 473, 477; *Walker* v. *Walker*, 155 N. Y. 77, 81.) There is nothing in the statutory provision that exhibits any intent other than that it should apply prospectively only. We cannot read into it something that is not there. Nor can we read into the act of 1938 any legislative intent to make it applicable to decrees entered prior to March 26, 1938, by construing it with section

1170 of the Civil Practice Act. The statutes were not enacted at the same time. The amendment to section 1159 was not an amendment to nor any part of section 1170. The Legislature, by its form as well as by the fact that it was, by its terms, an amendment to section 1159, indicated that its purpose was to deal with a situation not deemed to be covered by the provisions of section 1170. Even though the Legislature had indicated by express declaration its intent that the act should have retrospective application, it would not be effective as to decrees entered prior to the date it went into effect since the right of appellant to alimony became a vested property right upon the entry of the judgment and could not be affected by subsequent legislation (*Livingston* v. *Livingston,* 173 N. Y. 377).''

The defendant urges that the plaintiff has waived her right to alimony. It has been held that: '' ' The parties by themselves [are] without power permanently to fix or to alter their marital status or the scope of the obligations arising from the marriage relationship by consent, stipulation or their own conduct (*Stevens* v. *Stevens,* 273 N. Y. 157, 159; *Goldman* v. *Goldman,* 282 N. Y. 296, 299).' '' (*Weiman* v. *Weiman,* 295 N. Y. 150, 154.) '' The only method by which a divorce decree may be modified in respect of alimony is that set forth in sections 1155 and 1170 of the Civil Practice Act. No agreement of the parties has any effect on such a decree unless it is made effective by judicial action.'' (*Bartenbach* v. *Bartenbach,* 271 App. Div. 799.) True it is that had the plaintiff prior to the divorce voluntarily cohabited with the defendant subsequent to his adultery with knowledge of the same, she would have been barred from obtaining a divorce (Civ. Prac. Act, § 1153). Here, however, the parties were divorced and I hold that the plaintiff merely waived her right to alimony during the period of cohabitation. An analogous situation involving a judgment of separation resulted in the same determination (*Schatzberg* v. *Schatzberg,* 229 App. Div. 214).

The plaintiff concedes that the defendant should have a reduction in the amount of his alimony payment since the two children who were infants in 1932 have long since attained their majority, but she claims the reduction should not apply to the period preceding the date of the defendant's cross motion. '' The court had authority under section 1170 of the Civil Practice Act to so modify the final judgment as to alimony past due or thereafter to become due. (*Fox* v. *Fox,* 263 N. Y. 68; *Kirkbride* v. *Van Note,* 275 id. 244; *Karlin* v. *Karlin,* 280 id. 32.) ''

(*Van Dusen* v. *Van Dusen,* 258 App. Div. 1020, 1021.) In *Kahler* v. *Searl* (259 App. Div. 729), the court in 1940 modified a decree of divorce to provide for an elimination of the alimony provision *nunc pro tunc,* as of February 2, 1929, the date when the child of the marriage became twenty-one years of age. Here, also, the decree shall be modified to provide that the alimony shall be $10 per week as of the date the younger child attained her majority. As stated before, however, the alimony accruing prior to January 18, 1947, is considered to be waived by the plaintiff. The instant application of the plaintiff apparently recognizes that fact for an order is sought with reference to arrears accruing subsequent to that date only. In view of the financial situation of the plaintiff, I do not believe she will be seriously prejudiced by the retroactive reduction.

Accordingly, the plaintiff's motion is granted for an order directing the entry of judgment in the sum of $70 and the cross motion of the defendant is granted to the extent of reducing the alimony as provided above. Plaintiff's counsel is awarded $50 as his fee in this proceeding. (Civ. Prac. Act, § 1172-d).

Settle order on notice.