[Civ. No. 3894.   Fourth Dist.   Jan. 17, 1950.]

DELLA   LOUISA   WILKINS, Respondent,   v.   ALBERT
JOHN WILKINS, Appellant.

Harry V. Leppek for Appellant.

Waldo Willhoft for Respondent.

GRIFFIN, Acting P. J.—Plaintiff and defendant were divorced. By the interlocutory decree, entered July 2, 1936, defendant was ordered "until further order of the court" to pay plaintiff $40 per month, payable semimonthly on the 10th and 26th days of each month, commencing June 26, 1936, as and for the support of plaintiff and the two minor children, Alberta and Joseph Wilkins. On March 4, 1938, said sum was increased to $50 per month. In an ex parte application, on September 28, 1948, plaintiff filed an affidavit alleging that defendant paid $50 per month "up to and including August 10, 1943," but thereafter failed to make any further payments; that all payments subsequent to September 10, 1943, amounting to $2,950, or "56 monthly payments," were unpaid under the order, and asked that execution be issued accordingly. On September 28, 1948, an order was signed allowing that amount, and ordering execution to issue. Execution did issue on that same date. On December 16, 1948, defendant moved to vacate the order and recall the writ issued on the ground that the court was not informed of the true facts when the order was signed. This motion was submitted. By affidavit of defendant, he claimed that he had made all payments due until July 10, 1943; that the minor daughter, Alberta, was married in August, 1939, at the age of 19; that the son, Joseph, was married in June, 1943, at about the age of 19, that plaintiff remarried in June, 1948, and that the interlocutory decree ordering the maintenance had never been modified and that said court order was never "severed" to show how much was to be paid for each child or to the plaintiff and therefore defendant claimed that no reason existed for said order to continue.

After argument, on December 30, 1948, the court signed an order denying the motion. Defendant, on February 17, 1949, appealed from the order on the clerk's transcript alone, which transcript sets forth the facts above related.

Defendant's opening brief raises the question as to whether plaintiff should be allowed the full amount ordered paid to the mother and minor children, jointly, after the date the minor children were married and became of age. In support of the contention that the order was erroneous, the defendant cites such cases as *Parker* v. *Parker,* 203 Cal. 787 [266 P. 283]; *Hale* v. *Hale,* 6 Cal.App.2d 661 [45 P.2d 246]; *Clavey* v. *Lord,* 87 Cal. 413 [25 P. 493]; *Doehla* v. *Phillips,* 151 Cal. 488 [91 P. 330]; and *Tremper* v. *Tremper,* 39 Cal.App. 62 [177 P. 868].

Plaintiff, in her brief, points out that at no time has she sought to collect any sums accruing under said order subsequent to her remarriage.

Section 139 of the Civil Code provides that the husband may be compelled to provide for the maintenance of the children and suitable allowance for the wife; that upon the wife's remarriage, the husband is no longer obligated to provide for her support; but that her remarriage shall not affect the husband's duty to provide for the children of his marriage.

It has been definitely decided that it is a father's duty towards his children to support them during their minority and as each child attains majority this duty terminates. (*Tremper* v. *Tremper, supra*; *Hale* v. *Hale, supra*.)

From the record it appears that Alberta became of age in August, 1941, and Joseph about June, 1946, and under the authorities cited the father's duty to support them terminated as of that time. It was said in *Hale* v. *Hale, supra*, where a similar order was being questioned allowing the wife and minor children $45 per month for their support, that:

''While it is true that the defendant should have applied for a modification of the decree, as the decree does not specify separate amounts for the wife and each child, it is also true that, when under ordinary circumstances the duty of defendant to support plaintiff and two of the children had ceased, plaintiff was not in equity and good conscience entitled thereafter to the full amount set forth in the decree, nor to the issuance of execution therefor when the granting of the writ lies within the discretion of the court. To require defendant to be answerable for this full amount palpably effects an injustice.''

It was there held that it was not the province of the appellate court to determine what portions of the entire amount, during the period in question, should be allowed for the support of the minor children and what amount should be allowed for the support of the wife, and that to do so would be to indulge in speculation and guess, citing *Parker* v. *Parker, supra*. It then held that the defendant could not avoid the portion of the obligation that appeared to be just and the proceedings were remanded to the trial court with directions to amend its order and the execution so that the order would be for the total sum due at the time of the application. Under the authorities cited, such a disposition must be made of this order on appeal.

Whether plaintiff should be permitted to recover any sums due under said order between the dates said minors were married and the dates they became of age is problematical.

In *Hale* v. *Hale, supra,* one of the minor children married, but about three weeks after the marriage she separated from her husband and thereafter lived with her mother until she became of age. Just what the factual situation is in the instant case pertaining to the dependency of the minor children after their marriage is not shown. Since the order on appeal must be reversed for the first reasons stated, the question as to the amount of the order that may be enforced by execution might be reconsidered by the trial court. It does not appear that defendant ever made application for modification of the decree because of the fact of the marriage of the minor children. No cases have been cited that hold that upon the marriage of a minor child the order for payment therefor *automatically* ceases.

In *Cohen* v. *Cohen,* 150 Cal. 99 [88 P. 267, 11 Ann.Cas. 520], the wife was allowed alimony. The question of community property was not involved. Within a few months after the entry of the final decree the wife remarried and was subsequently divorced from her second husband. About four years later, the wife obtained an order requiring her first husband to show cause why an execution should not issue against him for the money due up to the date of the application notwithstanding her subsequent marriage. The court refused to vacate the decree as to the amounts already accrued but modified the former decree so that the payments would cease as of the date of her remarriage and directed that execution be issued for the sums previously accrued. The husband appealed. The Supreme Court held that:

"Good public policy would not compel a divorced husband to support his former wife after she has become another man's wife, except under extraordinary conditions, which she should be required to prove. Unless such conditions are shown by her to exist, the court should, on the former husband's motion, cancel all payments accruing after the remarriage, in all cases where, as here, there are no children and the allowance is based solely upon the husband's probable earning capacity, or upon his breach of the marriage vows, and not upon existing property rights."

The order appealed from was reversed and the cause remanded for further proceedings in accordance with the opinion rendered.

*Harris* v. *Harris,* 10 Cal.App.2d 734 [52 P.2d 985, 54 P.2d 459], involved a joint order for $25 per month for the support of the wife and minor child. The child died during minority. The father paid the full amount up to the date of its death. The order attempted to be enforced included the full amount awarded, covering two years after the child's death and up to the date of the application. The court held in an action in the municipal court on said judgment, that the amount accumulated since the date of the death of the child was too uncertain to be enforceable and that since the municipal court judgment became final the order was sustained as having been once decided. In denying the petition for hearing, in the order involved in *Harris* v. *Harris, supra,* the court pointed out that the wife, however, had her right to proceed in the divorce action to recover any unpaid installments accruing to her prior to the date the order was made terminating the allowance.

*Parker* v. *Parker,* 203 Cal. 787 [266 P. 283], was a case where an order was made in 1912 for the sum of $40 per month for the support of the wife and minor child and where the wife, eight days after the entry of the final decree, remarried, was subsequently divorced and was awarded temporary alimony. She then, under her former name, 13 years later, made an affidavit and presented the same to the court and averred that none of the payments had been made that were due and owing under the decree, and asked for an execution to issue in that sum. The application was made ex parte, was granted, and an order was made directing that execution issue. The former husband made a motion to vacate the order directing execution to issue and to recall the execution that had issued. In support of the motion the affidavits setting forth the facts were submitted. Under said motion the court endeavored to modify the former decree and the execution issued thereon, by reducing the amount. It then denied the motion to vacate the order directing the issuance of execution and to recall it. The defendant appealed from this order. During this period the child had married and had become of age. The Supreme Court, on appeal, speaking through Justice Shenk, said that in fairness to the trial court, the wife should have set forth the facts with reference to her subsequent marriage and the fact that the child had married and become of age at the time she made her application for the accumulated orders; that all of these matters would have been pertinent

610

in the consideration by the trial court of the application and also in determining to what extent, if at all, the relief should have been granted in the exercise of a wise discretion. The court then held that if the defendant, as a judgment debtor, had good cause to show against the issuance and enforcement of process, he has his remedy by motion to vacate the order and recall the execution. In effect, the court held that a denial of this motion, under the circumstances related, was an abuse of discretion and required a reversal of the order. Then follows the holding, at page 795, that ''Where, as here, the minor became of age and married prior to such order of modification, such order should not disturb the accrual of payments under the original judgment. But whether such payments should be *enforced* and the *manner of the enforcement* of the same require separate consideration.'' (Italics ours.) Accordingly, the court held that on the showing made the former wife was not entitled to the *order directing execution to issue* in the full amount.

The only distinction between the cited cases and the one at bar pertains to the fact that the cited cases appear to involve orders for execution on judgments in excess of five years accumulation, where the instant one, according to the record, apparently involves one under five years.

In *Lohman* v. *Lohman,* 29 Cal.2d 144 [173 P.2d 657], the majority opinion held that a creditor is entitled, as a matter of right, to execution on a judgment payable in installments for all amounts which have accrued within five years of the date of the application. As to a judgment beyond that period, the issuance of an execution is discretionary, depending upon the circumstances. (See Code Civ. Proc., § 685.)

While the creditor is, as a matter of right, entitled to an execution, the affidavit, order and execution issued thereon are subject to review and the execution is subject to recall, upon motion, timely made, at which time the trial court may exercise its judicial discretion in determining whether the facts set forth in the affidavit are true, and whether there has been a misrepresentation of the facts or wilful suppression of facts which should have been related to the court in the first instance, or whether the husband was or was not under a legal duty to support the children or wife during the period in question. It therefore would appear that the trial court has, under the circumstances here related, the right to recall the execution and allow the enforcement of the judgment, only to

the extent of the husband's legal and equitable liability to pay. If the rule were otherwise, a judgment creditor might falsely swear that a certain amount of money was due under the order, accumulated within the five-year period, when in fact the debtor had paid all or nearly all of the sums due prior to her application. It would be an injustice to hold that the execution must issue, as a matter of right, and the court had no power to order the execution withdrawn or to exercise its discretion in determining the truth of the facts related and to order enforcement according to the law and equities involved.

The court held, in *Lohman* v. *Lohman, supra,* that where issuance of an execution on a judgment requiring monthly payments is sought upon payments accruing within the five years and where such facts are established, a prima facie right to execution exists and the burden is cast upon the judgment debtor to establish facts justifying an order denying the writ.

Defendant, in his reply brief, for the first time, endeavors to raise the question of the jurisdiction of the trial court to issue a writ of execution, upon the claim that the supplemental execution was issued after the five-year period *without notice.* This point will be considered in a companion case (*Wilkins* v. *Wilkins,* 4 Civ. No. 4125, *post,* p. 611 [213 P.2d 752]) this day decided.

Order reversed.

Mussell, J., concurred.