[Civ. No. 4125.   Fourth Dist.   Jan. 17, 1950.]

DELLA LOUISA WILKINS, Respondent, v. ALBERT JOHN WILKINS, Appellant.

Harry V. Leppek for Appellant.

Waldo Willhoft for Respondent.

GRIFFIN, Acting P. J.—The main facts are presented in *Wilkins* v. *Wilkins,* 4 Civil No. 3894, *ante,* p. 605 [213 P.2d 748], this day decided. It appears from the clerk's transcript that on June 7, 1948, there was an intermediate application made by plaintiff for an order declaring that $2,800 was due under the decree, and an execution in that amount was ordered, ex parte. The sheriff's return shows that he levied upon certain real property under that execution. No sale was had and the execution was returned to the clerk's office on September 28, 1948. Apparently an attack was made, on November 12, 1948, upon this order by a motion by defendant to set aside and recall the execution issued. The trial court, for reasons not apparent, on November 19, 1948, denied it "without prejudice." Then followed the proceedings mentioned in the companion case (*Wilkins* v. *Wilkins, supra.*) Upon the execution there mentioned, the sheriff levied upon certain other property but no sale was had thereunder. Plaintiff, through her attorney, by ex parte application, on December 15, 1948, had obtained what she denominates a "supplementary writ of execution," based upon the order appealed from. In his affidavit the attorney related that since there was no sale under the former writs and that since they had been returned to the clerk, a "supplementary writ" was needed in order to proceed with the sale under the order. A levy was made thereunder, upon both properties heretofore mentioned, and these properties were sold to plaintiff to satisfy the order. On July 22, 1949, defendant filed a motion to set aside the order of December 15, 1948, directing the issuance of execution, to recall the execution, to vacate the levy, and to set aside the sale under the execution on the grounds that

the issuance of the writ and the sale thereunder were void because the order contained an amount, some of which accrued more than five years prior to the application, and no notice was given to defendant of such application for issuance of a writ of execution, citing section 685, Code of Civil Procedure; *Da Arauje* v. *Rodriques*, 50 Cal.App.2d 425 [123 P.2d 154]; and *Castle* v. *Castle*, 71 Cal.App.2d 323 [102 P.2d 656]. On August 2, 1949, this motion was ordered denied. This appeal is from this order.

■■ Plaintiff raises the point that since defendant failed to appeal from the order denying him relief in the original application and the time for appeal elapsed, the effect of filing this new application is a bar to a subsequent application and acted to merely extend his time to appeal. The denial of the first application for modification and to recall the execution was denied "without prejudice."

The term "without prejudice," in its general adaptation, means that there is no decision of the controversy on its merits, and leaves the whole subject in litigation as much open to another application as if no suit had ever been brought. (*Newberry* v. *Ruffin*, 102 Va. 73 [45 S.E. 733]; Words and Phrases (Perm. Ed. vol. 45, p. 439.) We see no merit to this contention.

The record is very confusing as to whether the accumulated amount claimed due under the affidavits was for a period within, or was for a period in excess of five years. Under the holding in the companion case it is not necessary to determine this issue. Since the order appealed from in the companion case was reversed, it follows that the order in the instant case must be reversed.

Order reversed.

Mussell, J., concurred.