[Civ. No. 4171. Fourth Dist. Nov. 30, 1950.]

DELLA LOUISA WILKINS, Appellant, v. ALBERT JOHN WILKINS, Respondent.

Waldo Willhoft and William A. Flory for Appellant.

Harry V. Leppek for Respondent.

MUSSELL, J.—On March 4, 1938, defendant was ordered by the trial court to pay $50 per month for the joint support of his wife and minor children. The order did not specify how much of the said sum was allowed singly for the support of the children or of the wife. Alberta, one of the children, was married in August, 1939, at the age of 19, and her brother,

Joseph, was married in June of 1943, at about the age of 19. The defendant paid the $50 per month to and including August 10, 1943, and thereafter failed to make any further payments.

Plaintiff remarried June 28, 1948, and on September 28th of that year obtained an execution for the sum of $2,950, representing 56 monthly payments unpaid at the time of the application for the execution. Defendant moved to vacate the order and recall the writ on the ground that the court was not informed of the true facts when the order was made. The motion was denied and the defendant appealed from the order denying it, raising the question as to whether plaintiff should be allowed the full amount of the monthly payments after the minor children were married and became of age.

On appeal (*Wilkins* v. *Wilkins,* 95 Cal.App.2d 605 [213 P.2d 748]) we held that the trial court, under the circumstances there related, had the right to recall the execution and allow the enforcement of the judgment only to the extent of the husband's legal and equitable liability to pay; that the trial court had the power to exercise its discretion in determining the truth of the facts related and to order enforcement according to the law and equities involved. That decision became final and is the law insofar as the case before us is concerned.

On March 18, 1950, after the decision in *Wilkins* v. *Wilkins, supra,* the plaintiff filed an application in the trial court asking that a writ of execution issue for the money alleged to be unpaid under the order in question for the period between March, 1945 and June 28, 1948. The court, by ex parte order dated March 20, 1950, ordered a writ of execution to issue in the sum of $1,560, being for payments under the support order for the period from March 28, 1945 to June 28, 1948, at a reduced rate of $40 per month.

The court found, as recited by the order, that by virtue of the fact that the former order for the payment of $50 per month embraced two minor children who had since become married, that some adjustment should be made by reason of the termination of the obligation of support of said minor children on the part of the defendant, and that the sum of $40 per month should be allowed plaintiff under said order for the period from March 28, 1945, to June 28, 1948.

The defendant, by motion before another judge of the same court, initiated the present proceedings to recall the writ of execution so issued and to quash the levy made thereunder.

The motion was heard on affidavits filed in support of the application for the issuance of an execution, the affidavit of defendant in support of the motion and the files, papers and proceedings referred to in defendant's motion. There was no dispute as to the facts related and the court found (1) "That the facts set forth in the affidavits in support of the application for the issuance of the writ are true; (2) That there has been no misrepresentation of the facts or wilful suppression of the facts which should have been related to the court in the first instance; (3) (a) That, during the period under consideration, the husband was not under a legal duty to support the children named in the order; (b) That the husband was under a legal duty to support the wife." The court stated that if the motion under consideration involved merely the exercise, or the review of the exercise of a discretionary power it would deny the motion, believing that the order made was a proper exercise of jurisdiction. However, the court erroneously concluded that under the facts and law applicable there was no basis upon which it could enforce the husband's liability to support his wife because it had no power to enforce the judgment in full, modify it retroactively or to apportion it.

We think that the basic question here involved is whether the trial court may determine the extent of the husband's legal and equitable liability to pay in the exercise of its discretion in issuing a writ of execution and that this question was determined by the decision of *Wilkins* v. *Wilkins, supra.*

Plaintiff was not in equity and good conscience entitled to receive the full amount of $50 per month after the minor children attained the age of majority and to require the defendant to continue paying for the support of the children after such event effects an injustice which the trial court may remedy in the exercise of its discretion.

In *Parker* v. *Parker,* 203 Cal. 787 [266 P. 283], plaintiff Emma Parker obtained a decree of divorce providing for the payment of the sum of $40 per month for her support and that of a minor daughter. Eight days thereafter, on June 5, 1914, plaintiff remarried and lived with her second husband until May, 1923, when they separated. On October 24, 1925, plaintiff obtained an interlocutory decree in her second divorce action. On May 27, 1925, plaintiff, under the name of Emma Parker, obtained an execution in the first action for $4,360, the amount due on the $40 order, to and including July 10, 1922. Motion was made to vacate the order and

recall the execution and the court held on appeal that the denial of the motion to vacate the order and recall the execution was an abuse of discretion and also held that the trial court had no authority to modify the original judgment so as to provide that plaintiff recover $20 per month instead of $40 per month, as provided in the original judgment. The court said at page 793:

"The plaintiff made the application as Emma Parker when, in fact, her name at the time was Emma Pappert. The court was not informed of the fact that she had remarried within a few days after the entry of her final decree of divorce from the defendant Parker, had lived with her second husband for more than ten years thereafter; that the minor child had lived with the plaintiff and the stepfather for most of the time during her minority, had become of age and had married prior to said application. All of these matters would have been pertinent in the consideration by the trial court of the application and in the determination as to what extent, if at all, the relief should have been granted in the exercise of a wise discretion."

In discussing the order of modification, the court said:

"Where, as here, the minor became of age and married prior to such order of modification, such order could not disturb the accrual of payments under the original judgment. But whether such payments should be enforced and the manner of the enforcement of the same require separate consideration. The order of the court which is here assailed provides for the payment of the full sum to the plaintiff, Emma Pappert, formerly Emma Parker, and to cover a period of time during which she was the wife of a man other than the defendant with no showing that she was entitled to the same during that period. If the amount ordered paid as intended by the court to constitute a proper payment for the benefit of the daughter during a period before she became of age, it must be said that such a conclusion may be reached only by speculation and not from a consideration of the language of the order.

"On the showing developed during the proceeding in the trial court, it is clear that the plaintiff was not entitled to the order directing execution to issue and the court should have granted the motion to set aside said order and to quash the levy under the execution. . . ."

If, as was there held, the trial court in passing upon the issuance of an execution had a right to consider the fact that

plaintiff had remarried after the original order and lived with her second husband, and that her minor daughter became of age, it was proper in the instant case to consider whether defendant should be required to pay for the support of the minor children involved after they had married and were of age. We see no difference in the principle involved. In either case it would be unjust and inequitable to enforce the judgment for the full amount of the order.

While in the Parker case, *supra,* the court said that if the amount ordered paid was intended by the court to constitute a proper payment for the benefit of the daughter during a period before she became of age, such a conclusion may be reached only by speculation and not from a consideration of the language of the order. The order itself did not indicate that a reduction in the amount allowed was based upon such a conclusion. In the case before us the order and findings thereon leave no doubt as to the reason for the conclusion reached by the trial court in reducing the amount for which execution should issue.

In *Probst* v. *Probst,* 259 App.Div. 1090 [21 N.Y.S.2d 294], the court held that a lump sum ordered in support of the wife and son might be divided and an allocation of it made for each if the basis of the allocation was reasonable. In *Frost* v. *Frost,* 189 Misc. 133 [71 N.Y.S.2d 438], alimony allowed in a lump sum, as here, was reduced as of the date the younger child attained her majority. And in *Gerrein's Adm'r* v. *Michie,* 122 Ky. 250 [91 S.W. 252], the court held that such deductions were proper when the chancellor was called upon to enforce the judgment.

Plaintiff herein is entitled to an execution for the money due her for her support and the defendant is entitled to a determination of the amount he should be required to pay under the judgment. The trial court has discretionary power to determine this question and such determination should be accomplished in a further hearing on the motion, in accordance with the holding of the court in *Wilkins* v. *Wilkins, supra,* and for the reasons stated herein.

The order is reversed and a further hearing on the motion ordered.

Barnard, P. J., and Griffin, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 25, 1951.