This is a contempt proceeding.
The parties to this proceeding were divorced on November 13, 1984. The decree required the husband to pay the wife $25 per week as periodic alimony.
As pertinent to this proceeding, the wife filed a petition seeking to have the husband held in contempt for failure to pay alimony.
After a hearing the trial court found that husband was in arrears in alimony payments of $1,325, that he was in contempt of court for failure to pay the alimony, that the evidence failed to show that the parties had contracted a common-law marriage, and that the evidence failed to show that the parties had cohabited in violation of section 30-2-55, Code 1975, which is in pertinent part as follows:
 "Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition *Page 961 
of a party to the decree and proof . . . that such spouse is living openly or cohabiting with a member of the opposite sex."
The husband was not incarcerated, but was allowed to purge himself by making the alimony payments previously decreed. The husband appeals from this decree.
Before considering the merits of husband's claim, we review some propositions of law applicable to this proceeding.
Certiorari, and not appeal, is the proper method to review the trial court's judgment of contempt if the contemnor is not incarcerated. Klingler v. White, 465 So.2d 405 (Ala.Civ.App. 1984). However, this court has on occasion treated the notice of appeal as a petition for the writ of certiorari. Battle v.Battle, 476 So.2d 109 (Ala.Civ.App. 1985).
We note that the husband was not incarcerated at the time the appeal was taken to this court. We, therefore, consider the appeal as a petition for certiorari and proceed to review the matter.
In contempt cases our scope of review is limited to questions of law and whether there is any legal evidence to support the trial court's findings. Mims v. Mims, 442 So.2d 102
(Ala.Civ.App. 1983).
Husband's sole issue on appeal is that the trial court erred in holding him in contempt because the evidence showed that the wife was cohabiting with a member of the opposite sex in violation of section 30-2-55, Code 1975.
A party seeking relief from periodic payments of alimony pursuant to section 30-2-55 must show that his former spouse has either remarried or is living openly or cohabiting with a member of the opposite sex. See, § 30-2-55, Code 1975. This court has previously held that in order for a party to demonstrate that his or her former spouse is "cohabiting" with a member of the opposite sex, he or she must offer proof of some permanency of the former spouse's relationship with a member of the opposite sex as well as evidence of more than occasional sexual conduct between the former spouse and a member of the opposite sex. Hicks v. Hicks, 405 So.2d 31
(Ala.Civ.App. 1981). We have thoroughly reviewed section 30-2-55 as well as our prior cases which have construed the particular provision; however, we are unable to locate any case law either in this jurisdiction or any other which addresses the question of whether an ex-husband may be relieved from paying periodic permanent alimony because of his cohabitation with his former wife. For this reason, this appears to be a case of first impression in Alabama.
As previously stated, the trial court held that the parties had neither entered into a common-law marriage nor were cohabiting in accordance with section 30-2-55. Implicit in the trial court's decision was a finding that section 30-2-55 was applicable to a situation where former spouses were cohabiting within the meaning of the statute. Also, the husband asserts in his brief that section 30-2-55 is applicable to the present facts.
At this point we must note that we agree with the trial court's ultimate decision in this case; however, because of the importance of the construction of this statute on the outcome of future cases, and because this appears to be a case of first impression in Alabama divorce law, we will address the issue of whether section 30-2-55 is applicable to a situation in which former spouses cohabit with one another without either formally remarrying or entering into a common-law marital arrangement.
In Parish v. Parish, 374 So.2d 348 (Ala.Civ.App. 1979), we stated:
 "[W]e find [that by the enactment of section 30-2-55] the legislature intended to strike a balance between the occasional brief sojourn and the common-law marriage. Thus, while not every occurrence of postmarital unchastity by a former spouse will bar the right to alimony, a petitioner need not prove the former spouse is habitually living with another and that the couple consider themselves married. The question of whether the petitioner under this statute has met the burden of proof is ultimately a question *Page 962 
of fact." (emphasis ours; citations omitted)
In our Parish opinion we relied upon a similar provision enacted by the New York legislature in construing section30-2-55. See, N.Y.Dom.Rel. Law § 248 (McKinney 1977). The pertinent provisions of the New York legislation provide:
 "Where an action for divorce . . . is brought by a husband or wife, and a final judgment of divorce . . . has been rendered, the court, by order upon the application of the husband on notice, and on proof of the marriage of the wife after such final judgment, must modify such final judgment . . . by annulling the provisions of such final judgment . . . directing payments of money for the support of the wife. The court in its discretion upon application of the husband on notice, upon proof that the wife is habitually living with another man. . . although not married to such man, may modify such final judgment . . . by annulling the provisions of such final judgment . . . directing payment of money for the support of such wife."
N YDom.Rel. Law § 248 (McKinney 1977).
Thus, under the New York statute, which is very similar to our own, the court must terminate alimony paid to the wife if she remarries, and the court may terminate alimony payments to the wife if she is proven to be cohabiting with another man.See, Northrup v. Northrup, 43 N.Y.2d 566, 402 N.Y.S.2d 997,373 N.E.2d 1221 (1978). Additionally, under the New York legislation the only way one spouse may seek relief from paying alimony to the other because of his or her own cohabitation with the former spouse is by proof that the parties have remarried and that a marriage ceremony has actually taken place. See, Frost v. Frost, 189 Misc. 133, 71 N.Y.S.2d 438
(1947). Thus, a party may either seek relief from paying periodic alimony because he or she has remarried the former spouse or because of the spouse's cohabitation with a third person. The party may not seek relief for his or her own nonmarital cohabitation with the former spouse.
We are of the opinion that the Alabama legislature intended a similar construction for section 30-2-55. With the ratification of amendment 390 to the Alabama Constitution and the enactment of section 30-2-55, the legislature expressed an intent that periodic alimony shall be terminated by the courts in the event that a spouse receiving alimony either remarries or openly cohabits with a member of the opposite sex.Oliver v. Oliver, 431 So.2d 1271 (Ala.Civ.App. 1983); seealso, Ala. Const. amend. 390. Thus, a husband may be relieved from paying alimony to his former wife upon proof that she is either remarried, Tillis v. Tillis, 405 So.2d 938
(Ala.Civ.App.), cert. denied, 405 So.2d 940 (Ala. 1981), or that she is habitually living with another man. Parish v. Parish, supra.
Should our construction of section 30-2-55 be other than that stated above, a former husband who is legally obligated to pay alimony could, by encouraging or persuading the former wife to move in and live with him, lay the foundation for an action to terminate his alimony payments. We do not believe this was the intent of the legislature when it enacted section 30-2-55. Consequently, we hold that section 30-2-55 is inapplicable to a case wherein a former husband cohabits with his former wife absent proof by the party paying alimony that either a formal marriage or a common-law marriage occurred between the parties.
In the case at bar the husband alleged that he was entitled to relief from paying alimony pursuant to section 30-2-55
because he and his former wife had moved in together. The trial court held that section 30-2-55 was applicable but had not been violated, because the husband failed to demonstrate the existence of a common-law marriage between him and his former wife or that he and his former wife were cohabiting within the meaning of the statute. We also note that the record is utterly devoid of any evidence that the parties were ever formally remarried. Thus, section 30-2-55 as a matter of law is inapplicable to the case at bar and, for this reason, we must affirm the judgment of the trial *Page 963 
court. Trial court judgments will be affirmed even though a wrong reason is given if the judgment otherwise conforms to the law and the facts of the case. See, Wagnon v. Boggs,460 So.2d 183 (Ala.Civ.App. 1984).
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.