[Civ. No. 4196. Fourth Dist. Dec. 4, 1951.]

DELLA LOUISA WILKINS, Respondent, v. ALBERT JOHN WILKINS, Appellant.

Harry V. Leppek for Appellant.

Waldo Willhoft for Respondent.

GRIFFIN, J.—This case is not a stranger to this court. (See *Wilkins* v. *Wilkins*, 95 Cal.App.2d 605 [213 P.2d 748]; *Wilkins* v. *Wilkins*, 95 Cal.App.2d 611 [213 P.2d 752]; and *Wilkins* v. *Wilkins*, 100 Cal.App.2d 730 [224 P.2d 371].)

It appears from the certificate of the clerk of the superior court that appellant Albert John Wilkins did, on May 10, 1951, file a notice of appeal from an order of the superior court entered on March 14, 1951, denying his motion to vacate and recall a writ of execution. Notice of such order was given to the attorney for defendant by mail on the same day. On May 21, 1951, defendant gave notice to the clerk to prepare a clerk's transcript. The transcript was prepared but was not forwarded to the District Court of Appeal because of ''the request of Mr. Leppek,'' attorney for defendant, that the clerk hold it until he ordered it transmitted to this court.

Thereafter, on November 13, 1951, plaintiff moved to dismiss the appeal on the grounds: (1) that no notice to prepare a clerk's transcript. was served upon plaintiff as required by rule 5(a) of the Rules on Appeal; (2) that appellant has not prosecuted the appeal with reasonable diligence; and (3) that the notice to prepare a clerk's transcript was not filed within the time prescribed by rule 5(a) of said rules.

Apparently no service of a copy of the notice to prepare transcript was made on the attorney for plaintiff. It appears now that counsel for the defendant is ready to file the clerk's transcript without the plaintiff having the opportunity under rule 5 to have included in said transcript such papers and records as she might desire. ■ It affirmatively appears that counsel for defendant did notify the clerk of the court not to immediately transmit the transcript to the reviewing court and that such failure to do so was the fault of counsel for appellant and not of the court or the officer charged with that duty. Under rule 10(a) of the Rules on Appeal, the proceeding therefore may be dismissed.

Defendant endeavors to justify his delay and neglect by reason of some claimed settlement the parties were attempting to negotiate between them in another action or proceeding, and contends that he was awaiting the outcome of such a settlement before perfecting his appeal. Counsel for plaintiff states that nothing in that proceeding is dependent on the outcome of this appeal but that the appellant in the instant action is only endeavoring to further prolong the time for collection of support money due her from 1943 to 1948 under the decree of the court, and that these several appeals have worked a hardship on her due to her being destitute and having to rely on relatives and friends to exist.

The question on appeal which appellant desires to present is whether or not the court abused its discretion in allowing plaintiff $1,550 of the total amount claimed. As will appear from the facts recited in the former opinions, this litigation should terminate at some appropriate time. ■ The delay in perfecting the appeal, under the circumstances, appears to be inexcusable and might well indicate it was instituted for the purpose of effecting a compromise or settlement or to further harass the plaintiff.

Motion to dismiss appeal granted.

Barnard, P. J., and Mussell, J., concurred.