[Civ. No. 41594. Second Dist., Div. Two. Sept. 16, 1975.]

GAIL PATRICK JACKSON, Plaintiff and Appellant, v.
THOMAS CORNWELL JACKSON, Defendant and Appellant.

**COUNSEL**

Hutchinson & Irwin, James A. Irwin and Gerald H. B. Kane for Plaintiff and Appellant.

Dern, Mason & Swerdlow, Dern & Mason and Melvyn Mason for Defendant and Appellant.

**OPINION**

**COMPTON, J.**—When . Gail and Thomas Jackson were divorced in April of 1969, custody of their 16-year-old daughter Jennifer was awarded to Gail. Thomas was ordered to pay $750 per month for her support.

On September 30, 1971, Thomas caused to be issued an order to show cause for the purpose of modifying the decree to eliminate the support payments. In December of 1971, Gail countered with two citations of contempt for Thomas' failure to make previously due payments. On March 13, 1972, the trial court discharged the contempt citations and ordered termination of the support payments as of September 30, 1971, on the grounds that ". . . Jennifer maintains a permanent residence in [Thomas] home."

On June 5, 1972, Gail retaliated by obtaining, ex parte, the issuance of a writ of execution in the principal amount of $16,500 the aggregate of 22 months of allegedly unpaid support payments (in excess of $18,000 with interest and costs) and on June 30, 1972, levied on Thomas' bank account. Significantly, the date of the onset of Thomas' delinquency as alleged in the application for the writ of execution is December 1, 1969. Both parties agree that on November 14, 1969, Jennifer, with Gail's consent, commenced residence with Thomas, a residence which the trial court found to be permanent at least as of September 30, 1971.

Thomas moved for an order recalling and quashing the writ of execution and in the alternative for an order for reimbursement for money expended for the benefit of Jennifer.

The trial court, basing its ruling on various affidavits and documents in the file denied both motions declaring that the motion to recall and quash the writ of execution was ". . . an attempt to modify child support prior to the date of filing his Order to Show Cause to Modify Child

Support dated September 30, 1971 and therefore contrary to Section 4700(a) Civil Code."[1]

Thomas noticed an appeal from the order and Gail moved in the trial court for attorney fees and costs in connection with the appeal. That motion was denied and Gail has appealed from that order.

## THOMAS' APPEAL

■ The trial court made no specific findings of fact but since the facts which we consider to be crucial to this appeal are uncontroverted, we will not imply findings in support of the order but instead determine the issue presented by applying certain principles of law to those undisputed facts. As we view it these facts were such as to permit the trial court, in the exercise of discretion and by the application of equitable considerations, to quash the writ of attachment thereby denying to Gail that method of enforcement of her judgment.

Since it is clear from the statement of the basis of its ruling that the trial court conceived that it had no such discretion and thus failed to exercise it and since that statement reflects that the result was arrived at because of erroneous reasoning, we remand the case for reconsideration in light of the principles which we here set out. (See *People v. Robarge*, 41 Cal.2d 628 [262 P.2d 14]; *Lippold v. Hart*, 274 Cal.App.2d 24 [78 Cal.Rptr. 833]; *Ehrenreich v. Shelton*, 213 Cal.App.2d 376 [28 Cal.Rptr. 855]; *Bailey v. Fosca Oil Co.*, 180 Cal.App.2d 289 [4 Cal.Rptr. 474]; *Estate of Rohde*, 158 Cal.App.2d 19 [323 P.2d 490].)

■ While it is true that an order for child support may not be retroactively modified (Civ. Code, § 4700) and that accrued arrearages are treated like a judgment for money (*Hunter v. Hunter*, 170 Cal.App.2d 576 [339 P.2d 247]; *Bryant v. Bryant*, 161 Cal.App.2d 579 [326 P.2d 898]) it must be remembered that such orders are an exercise of the court's equitable power and are designed to compel satisfaction of the child

[1] Civil Code section 4700, subdivision (a) provides in pertinent part: "In any proceeding where there is at issue the support of a minor child, the court may order either or both parents to pay any amount necessary for the support, maintenance, and education of the child. . . . Any order for child support may be modified or revoked as the court may deem necessary, except as to any amount that may have accrued prior to the date of the filing of the notice of motion or order to show cause to modify or revoke. The order of modification or revocation may be made retroactive to the date of the filing of the notice of motion or order to show cause to modify or revoke, or to any date subsequent thereto. The order of modification or revocation may include an award of attorney fees and court costs to the prevailing party."

support obligation which exists apart from the marriage status. The obligation is to the child and not to the mother. (*Estate of Goulart,* 218 Cal.App.2d 260 [32 Cal.Rptr. 229, 6 A.L.R.3d 1380]; *Williams* v. *Williams,* 8 Cal.App.3d 636 [87 Cal.Rptr. 754].)

Civil Code section 208 provides that a parent is not bound to compensate the other parent for the voluntary support of his child, absent an agreement, and in *Spivey* v. *Furtado,* 242 Cal.App.2d 259 [51 Cal.Rptr. 362], the court denied a father credit for substituted payments but, without specifically deciding the issue, suggested that under certain circumstances and because of equitable considerations a father might, as against an order for child support, be credited for payments made directly to the child or for the child's benefit. In *Spivey,* after reviewing the law in other jurisdictions the court pointed out that where credit for substituted payment had been allowed there was an express or implied finding that the mother consented thereto, and it is there stated that it is within the discretion of the trial court to decide if such consent was present. In affirming the trial court's denial of credits the court stressed the fact that the father was affluent and the wife "desperately poor." That situation does not exist here. Both Thomas and Gail are financially situated.

It was early recognized in *Parker* v. *Parker,* 203 Cal. 787 [266 P.2d 283], that while a court may not retroactively modify accrued payments, it could deny enforcement of such a judgment on equitable grounds. (Also see *Wilkins* v. *Wilkins,* 95 Cal.App.2d 611 [213 P.2d 752].) Hence, contrary to the trial court's understanding, quashing of the writ of execution is separate and distinct from retroactive modification of the original order.

In *Lohman* v. *Lohman,* 29 Cal.2d 144 [173 P.2d 657], at page 150, the California Supreme Court adopted the rule that "Although issuance of execution upon a judgment requiring monthly payments may be denied upon equitable grounds, proof that the installments have accrued within five years establishes a prima facie right to execution and the burden is cast upon the judgment debtor to establish facts justifying an order denying the writ."

In *Wilkins* v. *Wilkins,* 95 Cal.App.2d 605, at pages 610-611 [213 P.2d 748], it was stated: "It therefore would appear that the trial court has, under the circumstances here related, the right to recall the execution and *allow the enforcement of the judgment, only to the extent of the husband's legal and equitable liability to pay.*" (Italics added.)

Finally, in *Messenger* v. *Messenger,* 46 Cal.2d 619 [297 P.2d 988], it was held that because of an 1951 amendment to Civil Code section 139[2] "the trial court now has discretion to determine in each case whether execution is an appropriate remedy for enforcing its order." (P. 630.) (Also see *Baum* v. *Baum,* 172 Cal.App.2d 658 [342 P.2d 940]; *Slevats* v. *Feustal,* 213 Cal.App.2d 113 [28 Cal.Rptr. 517]; 8 Hastings L.J. 214; 2 The Cal. Family Lawyer (Cont. Ed. Bar) p. 1391.) Once the writ of execution has issued, however, the judgment debtor must show why the writ should be quashed. One reason which the court could consider in exercising its equitable discretion would, of course, be that the debtor has satisfied the obligation. (See *Lohman* v. *Lohman, supra.*)

▮ In the case at bar the undisputed facts to which we previously alluded are that with the consent of Gail and in accordance with Jennifer's personal and strong desires, Thomas provided a home and support for Jennifer commencing in November 1969 and continuing until the commencement of these proceedings and that Thomas in so doing expended amounts well in excess of the court-ordered $750 per month.

Under the circumstances Thomas, who was not required to refuse his daughter's request to live with him, could hardly be considered a volunteer and as a practical matter simply denying Gail the right to enforce all or part of the accrued arrearages is not the same as requiring reimbursement. The purpose of the child support order was to insure that Jennifer was properly cared for and was not to provide Gail with a weapon to be used retributively against Thomas.

Thus we conclude that the trial court would have been well within its discretion in recalling and quashing the writ of execution or permitting only partial enforcement on the basis that Thomas had directly discharged his obligation or on the basis of equitable considerations. It is significant that Gail acquiesced in the arrangement and delayed for over 30 months after Jennifer took up residence with Thomas to attempt to enforce her claim and then apparently only after Thomas was successful in obtaining a modification of the order. (See *Kaminski* v. *Kaminski,* 8 Cal.App.3d 563 [87 Cal.Rptr. 453]; *In re Marriage of Szamocki,* 47 Cal.App.3d 812 [121 Cal.Rptr. 231].)

---

[2]Civil Code section 139 then read in part: "[an order for support] may be enforced by the court by execution or by such order or orders as in its discretion it may from time to time deem necessary."

Civil Code section 4380 now provides: "Any judgment, order, or decree of the court made or entered pursuant to this part may be enforced by the court by execution, attachment, the appointment of a receiver, contempt, or by such other order or orders as the court in its discretion may from time to time deem necessary."

## GAIL'S APPEAL

■ Gail contends that she should have been allowed legal expenses in connection with Thomas' appeal. She concedes that the award of attorney fees and costs is a matter of discretion with the trial court but argues that under the circumstances here the trial court was obliged to exercise that discretion in her favor.

The basic issue for the trial court was whether Gail had demonstrated a need for legal expenses. (*In re Marriage of Mulhern,* 29 Cal.App.3d 988 [106 Cal.Rptr. 78].) The trial court found no such need and on the basis of the record before us which shows, among other things, that Gail had a reported income of in excess of $144,000 for the year 1972, we conclude that such finding was correct.

The order denying an award for legal expenses to Gail is affirmed. The order denying Thomas' motion to recall and quash the writ of execution is vacated and the matter is remanded to the trial court for reconsideration in accordance with the principles we have set forth. Each party to bear his own costs on this appeal.

Roth, P. J., and Fleming, J., concurred.