[No. B014456. Second Dist., Div. Two. Sept. 2, 1987.]

In re Marriage of DONNA and ROBERT OKUM.
DONNA OKUM, Appellant, v.
ROBERT OKUM, Appellant.

**COUNSEL**

Maginnis & Maginnis, J. Patrick Maginnis and Jeannette Torrel Maginnis for Appellant Wife..

Trope & Trope, Maryanne La Guardia, William B. Anderson, Thomas P. Dunlap and Gary J. Cohen for Appellant Husband.

**OPINION**

**COMPTON, J.**—In this action involving issues of child custody and support, Robert Okum appeals from a postdissolution order granting him partial relief under his motion for reconsideration, but denying his motion for new trial. Donna Okum cross-appeals from the same order. We affirm the order.

The record reveals that the couple's marriage was dissolved in 1975. From that union two children were born, Gina on December 11, 1968, and Christopher on February 22, 1972. On November 19, 1978, the couple in writing stipulated to an order modifying a prior physical custody arrangement of the minor children. Pursuant to the modification, both parents had joint legal custody of the children. As for physical custody, the order provided that Robert had physical custody of the children for the last three weekends of each month. Then during the fall and winter months, beginning in September and ending in March, Robert had sole physical custody of the children, except for weekly overnight visitations with Donna on Wednesdays and every other weekend. The remainder of the year, Donna had sole physical custody. The order also contained a schedule dividing visitation between the parents during holidays.

Pursuant to the stipulation Robert was to pay $225 monthly in child support for each child. The agreement provided further that Robert was "solely responsible for the payment of and shall pay all tuition costs, fees, books, uniforms, transportation and expenses in connection with the attendance of the children at STEPHEN WISE SCHOOL, as well as summer camp expenses, should the parties mutually desire to enroll the children in a summer camp. [Robert] shall be responsible for the direct payment of all medical, dental, orthodontia and psychiatric care which the children may incur. However, [Donna] shall first consult with [Robert], prior to her incurring any medical, dental, orthodontia and psychiatric care in excess of $50.00 per visit, except in cases of emergency, for the benefit of the minor children." The order also provided: "[Robert] shall be responsible for and pay all clothing expenses and for all extracurricular activities undertaken by the children, including, but not limited to special tutoring, art lessons and music lessons. However, [Donna] shall first consult with [Robert] prior to incurring any expenses for extracurricular activities for the minor children of the parties."

Beginning on April 1, 1979, Robert ceased making child support payments. On June 22, 1984, Donna filed an order to show cause and declaration of contempt against Robert alleging that he had interfered with her visitation rights on certain stated dates and that he was in arrears to her for unpaid child support in the sum of $28,575 plus interest. On July 13, 1984, she also secured a writ of execution against Robert for the unpaid child support.[1] In turn, Robert filed a motion to quash the writ on the ground that the parties in 1979 purportedly executed an oral agreement which relieved

---

[1] Civil Code section 4383, subdivision (a), in pertinent part, commands: ". . . [A] judgment, order, or decree for the payment of child or spousal support may be enforced by a writ of execution without prior court approval for amounts that are not more than 10 years overdue on the date of the application for the writ."

him of further child support payments to Donna in exchange for his sole custodial care of both children. Robert further argued that on equitable grounds he could not be in arrears to Donna because since 1979 he had had de facto sole physical custody of the children. The alleged oral modification, however, was never reduced to a court-ordered modification.

Trial was held in October 1984. During the proceeding, a number of witnesses, including the children, were called by both sides. As so often happens in child custody proceedings, each side portrayed the other as the villain. Thus, when Robert called the children to testify, the court exercised its right to control the interrogation of the minor children (see Evid. Code, § 765) and interviewed them in chambers with only a court reporter and the parents' attorneys present. During the interview, the court refused to allow either attorney to propound any questions to the children. Finally, after five days of trial, the court on November 1, 1984, rendered a memorandum of decision. The memorandum, in pertinent part, stated, "The Court finds [Robert] not guilty of contempt in regard to child support and visitation. [¶]. . . [E]vidence of the existence on an executed oral agreement between the parties to eliminate [Robert's support obligation], although not sufficient to prove the existence of the agreement by a preponderance of the evidence, was sufficient to raise a reasonable doubt as to [Robert's] guilt. [¶] [Robert] is obliged to facilitate the visitation of [Donna] with the minor children, even to the point of requiring them to visit their mother. However, [Donna's] evidence is insufficient to prove that, on the dates alleged, [Robert] interfered with [Donna's] visitation."

In regard to Robert's motion to quash the writ of execution the trial court stated: "The motion to quash the writ of execution is granted. A new writ may issue in the sum of $23,175.00 plus interest. [¶] For a period of 24 months preceding the securing of the writ [i.e., since 1982], the minor child, Gina, by agreement of the parties, resided full time with [Robert]. [Robert] has assumed the burden of all her expenses and petitioner has no expenses related to her. [Robert] has not proven by a preponderance of the evidence that there existed from April, 1979, an executed oral agreement eliminating his child support obligation. [¶] Accordingly, [Robert] is entitled to an equitable reduction of $225 per month for 24 months, a total of $5,400.00."

On November 13, 1984, Robert filed his motion for new trial and, alternately, a motion for reconsideration. In his motions, Robert argued that the issuance of a new writ of execution in any amount constituted a windfall to wife because the evidence proved that during the period in question Donna never exercised her right to custody. Robert also contended that the court had erred by refusing his attorney's request to examine the children during trial. Purportedly, the children would have testified that since 1979 both of

them had lived with Robert continuously, and that during this time he alone provided for their support. He further argued that the children would have given relevant testimony concerning the alleged oral agreement. Finally, Robert asserted that the order should be reconsidered, or a new trial granted, because during the course of the proceedings the court may have improperly considered a letter written by Donna that contained numerous accusations against him.

The motions were calendared to be heard on December 17, 1984. The matter, however, was continued and heard on January 11, 1985. On the day of the hearing, Donna did not make an appearance either in person or through counsel, but she did file opposition papers to the motions. She opposed the motion for new trial on the ground that Code of Civil Procedure section 660 required such a motion to be heard no later than December 31, 1984, the 60th day after the court's memorandum of decision issued on November 1, 1984.[2] As to the motion for reconsideration, Donna maintained that it failed to specify any evidence not previously considered by the court.

On January 11, 1985, the trial court issued its minute order which found that Donna was not due any child support for the care of Gina. The court stated, in relevant part: "Motion to quash the writ of execution which was granted on November 1, 1984 is modified to strike '$23,175.00 plus interest' and to insert in lieu thereof '$14,175 plus interest'. Said modification is based upon the conclusion that [Robert] is entitled to equitable relief because he was paying all of the support of Gina Okum after April 4, 1979."

We begin first by addressing the issues raised by Robert's appeal. Essentially, he contends that the order allowing Donna to seek a new writ for the collection of Christopher's child support is unsupported by the evidence. He further contends that even if the order is supported by substantial evidence he is entitled to a new trial in order to present the testimony of the children.

■ " 'A reviewing court must accept as true all evidence tending to establish the correctness of the findings of the trial judge. All conflicts in the

---

[2] All further statutory references are to the Code of Civil Procedure unless stated otherwise.

In pertinent part, section 660 commands: "Except as otherwise provided in section 12a of this code, the power of the court to rule on a motion for a new trial shall expire 60 days from and after the mailing of the notice of entry of the judgment by the clerk of the court pursuant to section 664.5 or 60 days from and after service on the moving party by any party of written notice of the entry of the judgment, whichever is earlier, or if such notice has not theretofore been given, then 60 days after filing of the first notice of intention to move for a new trial. If such motion is not determined within said period of 60 days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court."

evidence must be resolved in favor of the [prevailing party] and all legitimate and reasonable inferences must be indulged in to uphold the judgment. It is well settled that whenever a finding or judgment of the trial court is attacked as being unsupported, the power of the reviewing court begins and ends with the determination of whether there is any substantial evidence, contradicted or uncontradicted which will support the conclusions reached by the trial court. [Citation.] All evidence most favorable to [the prevailing party] must be accepted as true and that which is unfavorable discarded as not having sufficient verity to be accepted by the trier of fact. If the evidence so viewed is sufficient as a matter of law, the [order] must be affirmed [citation].'" (*In re Morrow* (1970) 9 Cal.App.3d 39, 46 [88 Cal.Rptr. 142]; overruled on other grounds in *Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349].)

In *Jackson* v. *Jackson* (1975) 51 Cal.App.3d 363, 366-367 [124 Cal.Rptr. 101], we stated: ▮ "While it is true that an order for child support may not be retroactively modified (Civ. Code, § 4700)[3] and that accrued arrearages are treated like a judgment for money [citations] it must be remembered that such orders are an exercise of the court's equitable power and are designed to compel satisfaction of the child support obligation which exists apart from the marriage status. The obligation is to the child and not to the mother. [Citations.]" We then held that a trial court has the discretion to permit only partial enforcement or to quash, in toto, a writ of execution directed against a parent in arrearage who, during the period in question, has had sole physical custody of the child. (*Id.* at p. 368.)

▮ Applying the aforementioned principles, the record reveals that Robert was entitled to equitable relief from his arrearage of Gina's support. This is not true, however, in the case of Christopher's support. Although the testimony was conflicting, there is credible evidence that Donna had substantial custody of Christopher and that she had incurred expenses in raising him. The record establishes that she kept a bedroom readied for Christopher's exclusive use when he stayed at her home; and that she paid for his food, clothing, school supplies, tutoring, gifts, entertainment, and vacations when he was in her care. Whether or not Donna actually spent a total of $14,175 on the son misses the point. Neither the law nor the couple's agreement required Donna to keep a precise running total of the monies she expended on the child. The evidence establishes that during the period in question she substantially complied with the custody agreement

---

[3] Civil Code section 4700, subdivision (a), in relevant part, provides: "Any order for child support may be modified or revoked as the court may deem necessary, except as to any amount that may have accrued prior to the date of the filing of the notice of motion or order to show cause to modify or revoke."

and, therefore, Robert was obligated to pay support. Had Robert wanted to disengage from the agreement, he could have applied to the court seeking a modification of the support order based on changed circumstances.[4]

■ We next consider whether Robert was entitled to examine the children on the issues of change of residence and their knowledge concerning their parents' alleged oral modification of child custody.

Evidence Code section 765 provides: "(a) The court shall exercise reasonable control over the mode of interrogation of a witness so as to make such interrogation as rapid, as distinct, and as effective for the ascertainment of the truth, as may be, and to protect the witness from undue harassment or embarrassment. [¶] (b) With a witness under the age of 14, the court shall take special care to protect him or her from undue harassment or embarrassment, and to restrict the unnecessary repetition of questions. The court shall also take special care to insure that questions are stated in a form which is appropriate to the age of the witness. The court may in the interests of justice, on objection by a party, forbid the asking of a question which is in a form that is not reasonably likely to be understood by a person of the age of the witness." (See also *In re Marriage of Rosson* (1986) 178 Cal.App.3d 1094, 1100, fn. 5 [224 Cal.Rptr. 250].)

We find no error in the court's restriction of the children's testimony. This litigation was particularly acrimonious. There were accusations of physical assaults by Robert against Donna, along with allegations that Robert verbally abused Donna and her parents. At time of trial, Christopher was 12 and Gina was nearly 16. The court was obviously concerned that certain testimony by the children in this highly charged proceeding might later affect their relationship with their parents.[5] We find no abuse of discretion.

■ Turning to Donna's cross-appeal, she argues that the procedural manner by which the court relieved Robert of all arrearage for the support of Gina amounted to either an illegal granting of a new trial or an improper reconsideration of the order.

---

[4] In her respondent's brief, Donna contends that the record contains sufficient facts to support a reinstatement of her original writ of execution for $28,575. However, even if the argument was raised in her cross-appeal, which it was not, the evidence clearly establishes that since 1979 Donna did not have substantial custody of Gina to warrant any recovery for arrearage of the daughter's support.

[5] The trial court ordered the court reporter not to transcribe her notes of the in camera hearing.

Contrary to the impression that Donna attempts to create, the trial court expressly denied Robert's motion for new trial, although it did grant relief under section 1008. That statute, in pertinent part, provides: "(a) When an application for an order has been made to a judge, or to the court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within ten (10) days after knowledge of the order and based upon an alleged different state of facts may, make application to the same judge who made the order, to reconsider the matter and modify, amend or revoke the prior order. [¶] (b) When the party who originally made an application for an order which was refused in whole or part, or granted conditionally or on terms, makes a subsequent application for the same order upon an alleged different state of facts, it shall be shown by affidavit what application was made before, when and to what judge, what order or decision was made thereon, and what new facts are claimed to be shown. For a failure to comply with this requirement, any order made on such subsequent application may be revoked or set aside on ex parte motion."

In her appeal, Donna essentially argues that the court was statutorily barred from reconsidering its order because Robert's motion failed to bring forth any new evidence or allege a different set of facts.

We find in the case at bar that Robert's offer of proof of the children's proposed testimony was sufficient to satisfy section 1008's requirement that a motion for reconsideration be "based upon an alleged different state of facts." Here, the trial court was asked to reconsider its original order based on the fact that it refused Robert the opportunity to solicit corroborating testimony from the children that they did not reside at any time with Donna. This was evidence unavailable to Robert by no fault of his own. (See *Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005, 1013 [183 Cal.Rptr. 594], wherein it was held that before a trial court can reconsider an order the moving party must not only present new evidence "but also a satisfactory explanation for the failure to produce that evidence at an earlier time.") As noted earlier, the court properly exercised its discretion to bar this line of questioning in order to protect the children. We see no reason, however, why Robert should be prohibited from requesting the court to weigh the probability that the children would have testified as promised in order to correct what the court later perceives to be an erroneous order.

Donna's remaining contention that the court's granting of the motion to reconsider was in actuality an illegal remittitur in disguise is without merit.

The order is affirmed. Donna's request for sanctions is denied. Each party to bear their own costs on appeal.

Roth, P. J., and Fukuto, J., concurred.

The petition of appellant Husband for review by the Supreme Court was denied November 18, 1987.