[No. B036762. Second Dist., Div. Two. Aug. 2, 1989.]

In re the Marriage of ROBERTA J. and D. MICHAEL TRAINOTTI.
D. MICHAEL TRAINOTTI, Appellant, v.
ROBERTA J. TRAINOTTI, Respondent.

**COUNSEL**

Wilson, Evans & Silver and Gregory S. Silver for Appellant.

Gilpin & Splinter and Gerald L. Gilpin for Respondent.

**OPINION**

**COMPTON, J.—** ■ Appellant D. Michael Trainotti appeals from a postdissolution order directing him to pay respondent Roberta J. Trainotti $4,500 in accrued child support. We reverse and remand.

In June 1984, the court dissolved the marriage of the parties. Respondent was awarded custody of their minor son, Christopher, and appellant was ordered to pay $450 per month in child support. Some three years later, in August 1987, the parties purportedly agreed that appellant would assume sole physical custody of Christopher and cease making monthly child support payments. Although appellant attempted to have respondent stipulate to entry of such an order on several occasions, she steadfastly refused. In any event, Christopher began residing with his father on or about August 24, 1987, and appellant thereafter discontinued making support payments.

In October 1987, appellant noticed a hearing on an order to show cause for modification of the original child custody, visitation and support orders.

That matter was taken off calendar, however, after Christopher was admitted to a six-week residential drug rehabilitation program. Upon his release in November 1987, both parents apparently agreed that he should resume living with appellant. Two months later, in January 1988, appellant, through counsel, again attempted to have respondent execute a written stipulation granting him sole physical custody and eliminating the support obligation, but to no avail.

In March 1988, respondent initiated an action seeking to have appellant held in contempt for his failure to pay child support in accordance with the 1984 order. She also sought to have the court increase the amount of such support from $450 to $1,000 per month. Prior to commencement of the hearing, however, respondent agreed to withdraw the contempt action with prejudice and stipulated to entry of an order granting appellant sole physical custody of Christopher. Unable to reach accommodation on the issue of support arrearage totalling $4,500, the parties submitted the matter to the trial court on a stipulated set of facts.

Finding that there had been no modification of the original support order, the court concluded that it was without jurisdiction to offset or discharge the accrued payments for the period the child was residing with appellant. The court thereafter ordered payment of the arrearage at the rate of $500 per month. This appeal follows.

The trial court's ruling appears to be based upon its restrictive reading of Civil Code section 4700, subdivision (a)(1). That statute provides in pertinent part: ". . . Any order for child support may be modified or revoked as the court may deem necessary, *except* as to any amount that may have accrued prior to the date of the filing of the notice of motion or order to show cause to modify or revoke." (Italics added.)

In *Jackson* v. *Jackson* (1975) 51 Cal.App.3d 363 [124 Cal.Rptr. 101], a case nearly identical to the one at bench,[1] we explained: "While it is true that an order for child support may not be retroactively modified (Civ. Code, § 4700) and that accrued arrearages are treated like a judgment for money [citations] it must be remembered that such orders are an exercise of the court's equitable power and are designed to compel satisfaction of the

---

[1] In *Jackson,* custody of the parties' daughter was awarded to the mother, and the father was ordered to pay $750 per month child support. The daughter subsequently went to live with her father with her mother's consent and in accordance with her own strong wishes. The father expended sums well in excess of $750 per month to provide a home and support for the daughter and ceased making child support payments to his former wife. He did not seek court modification of the child support order. The wife later obtained a writ of execution against the husband's bank account for the amount of the accrued support payments. The trial court denied a motion to quash the writ, and the husband appealed.

child support obligation which exists apart from the marriage status. The obligation is to the child and not to the mother. [Citations.]" (*Id.* at pp. 366-367.) We then held that a trial court possesses the discretion to permit only partial enforcement or to quash, in toto, a writ of execution directed against a parent in arrearage who, during the period in question, has had the sole physical custody of the child. (*Id.* at p. 368; see also *In re Marriage of Okum* (1987) 195 Cal.App.3d 176, 182 [240 Cal.Rptr. 458].)

The sole distinguishing characteristic between the instant case and *Jackson* is the procedural context in which the issue of accrued child support arose. In *Jackson,* the obligor-parent asserted his right to an offset for the period his daughter resided with him in response to a writ of execution obtained ex parte by his former wife. Here, appellant advanced a similar argument in a postdissolution action denominated by the parties as a "modification proceeding." In both instances, however, the court's jurisdiction was invoked to *enforce* the terms of the original child support order.

Civil Code section 4380[2] provided the trial court with discretion to determine the appropriate remedy for enforcing the order regardless of the procedural context in which the issue was raised. (See *Messenger* v. *Messenger* (1956) 46 Cal.2d 619, 630 [297 P.2d 988]; *In re Marriage of Sandy* (1980) 113 Cal.App.3d 724, 728 [169 Cal.Rptr. 747]; *Wyshak* v. *Wyshak* (1977) 70 Cal.App.3d 384, 392 [138 Cal.Rptr. 811].) In so doing, the court should have considered whether the debtor had satisfied or otherwise discharged the obligation imposed by the original order. (*Jackson* v. *Jackson, supra,* 51 Cal.App.3d at p. 368; see also *In re Marriage of Beilock* (1978) 81 Cal.App.3d 713, 732 [146 Cal.Rptr. 675].) Such consideration does not violate the prohibition against retroactive modification of the support award. (*Ibid.*)

The instant case is little different from any other instance in which a trial court, in determining the amount of a judgment, is required to credit the judgment debtor with any setoff to which he is entitled or to enforce a prior agreement or settlement between the parties. A persuasive argument also could be made that respondent should be estopped from denying that she agreed to terminate appellant's support obligation once he assumed sole physical custody of the child. (Cf. *Solberg* v. *Wenker* (1985) 163 Cal.App.3d 475 [209 Cal.Rptr. 545]; *In re Marriage of Daves* (1982) 136 Cal.App.3d 7 [185 Cal.Rptr. 770]; *Szamocki* v. *Szamocki* (1975) 47 Cal.App.3d 812 [121 Cal.Rptr. 231].) We think it clear that the trial court erred by refusing to

---

[2] Civil Code section 4380 provides: "Any judgment, order, or decree of the court made or entered pursuant to this part may be enforced by the court by execution, the appointment of a receiver, contempt, or by such other order or orders as the court in its discretion may from time to time deem necessary."

consider whether appellant had satisfied his obligation by furnishing Christopher, with the approval of his former wife, a home and support that was equal to or in excess of the court-ordered amount.

Based upon the foregoing, the matter must be remanded to the superior court for a further hearing on the issue of whether appellant discharged, in whole or in part, his responsibility under the 1984 support order.

The order appealed from is reversed, and the matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Each party to bear its own costs on this appeal.

Roth, P. J., and Fukuto, J., concurred.