Filed 11/20/20  E.E. v. E.G. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| E.E.,<br><br>   Plaintiff and Respondent,<br><br>      v.<br><br>E.G.,<br><br>   Defendant and Appellant. | F079489<br><br>(Super. Ct. No. MCS011912)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Madera County.  Ronda Duncan, Temporary Judge.

E.G., in pro. per., for Defendant and Appellant.

E.E., in pro. per., for Plaintiff and Respondent.

-ooOoo-

Appellant, E.G., appeals from the trial court's order establishing the amount of child support arrears owed by him to respondent, E.E., under a child support order. Appellant claims the trial court erred by failing to grant certain equitable offsets or credits

---

[*]      Before Franson, Acting P.J., Smith, J. and Snauffer, J.

he requested, and/or by incorrectly determining that he failed to pay child support. We conclude that appellant has failed to meet his burden of affirmatively demonstrating reversible error with an adequate record and cogent legal argument. The order of the trial court, which is presumed to be correct, is accordingly affirmed.

## FACTS AND PROCEDURAL HISTORY

Appellant's and respondent's marriage ended by divorce in 2010. They had three children. Their oldest child was born in March 1994; the middle child was born in July 1996; and their youngest child was born in November 1999.

A child support order was issued by the trial court and required appellant to pay respondent $1,200 per month. The monthly child support obligation was apparently to continue until the youngest child turned 18 or graduated from high school. According to respondent, the youngest child graduated in June 2018.

Initially, the child support payments were garnished directly from appellant's wages. However, in June of 2014, the parties agreed to discontinue the garnishment of appellant's wages. According to respondent, appellant had requested that wage garnishment be stopped to give him an opportunity to get "back on his feet" financially, and respondent agreed.

For several years after the parties' divorce, appellant lived in a trailer on respondent's land and paid rent. According to respondent, in June of 2018 she requested that appellant remove the trailer and leave. At that time, she also inquired about the past child support that was still unpaid. Appellant allegedly responded that it was too late to ask him for payment of child support, since he no longer had any child support obligation to her now that the youngest child had graduated. At that point, respondent sought the help and guidance of Madera County Department of Child Support Services (DCSS), and DCSS informed her that appellant still had a legal obligation to pay her the past due child support he owed from June 2014 to June 2018.

2.

A motion to enforce the child support order, and to determine the total arrears owed by appellant to respondent, was heard by the trial court. The proceedings involved the assistance of DCSS. The evidentiary hearing was held on April 18, 2019. At that time, both parties testified and presented documents, and other witnesses also testified. Following the hearing, the trial court issued its minute order. In that minute order, wherein appellant was referred to as "Father" and respondent as "Mother," the court made the following findings and determinations: "Father is to receive $1,200.00 credit for the following months: June of 2015, 2016, and 2017. [¶] Father is to receive *Jackson* credits of $1,200.00 for the following months: November and December of 2017, also, January, February, and March of 2018. [¶] Any other credits provided by the mother, shall remain provided.… [¶] DCSS is to prepare a new audit that will become the Court's Order, which is to be mailed to the parties and provided to the Court with the Order After Hearing. [¶] As a temporary order, Father is to pay $100.00 per month on arrears, commencing May 1, 2019." (Italics added.)

On May 28, 2019, the trial court entered its formal written order after hearing. The trial court's order was prepared by DCSS and was apparently based on an attached DCSS audit. The order provided that appellant owed child support arrears to respondent of $44,101.24, payable by appellant in monthly payments of $100 per month, plus interest. Payments were to be made by appellant to the California State Disbursement Unit at an address stated in the order. The order included the finding of certain credits, including the "*Jackson* credits," that had been specified in the trial court's April 18, 2019 minute order.

Appellant filed the present appeal from the trial court's April 18, 2019 and May 28, 2019 orders. Since the May 28, 2019 order became the final order of the court on all matters adjudicated below, we treat the appeal as taken from the May 28, 2019 order. The record on appeal consists of only a clerk's transcript. It appears that appellant

3.

elected to proceed with his appeal without the benefit of a reporter's transcript, settled statement or other record of the oral proceedings that were held in the trial court.

## DISCUSSION

### I. Appellant Failed to Meet His Fundamental Burden on Appeal

A fundamental principle of appellate procedure is that a judgment or order of the trial court is *presumed* to be correct, and thus an appellant has the burden to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal. (See, e.g., *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 355, p. 409.) "All intendments and presumptions are indulged to support [the order appealed from] on matters as to which the record is silent, and error must be *affirmatively* shown." (*Denham v. Superior Court*, *supra*, at p. 564, italics added.) That is, "[i]n the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. '[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented.' " (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127.) "This general principle of appellate practice is an aspect of the constitutional doctrine of reversible error." (*Foust v. San Jose Construction Co., Inc*. (2011) 198 Cal.App.4th 181, 187.) " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) "Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

Here, although not clearly articulated, it appears that appellant is asserting the trial court erred in determining the child support arrears because (i) there were allegedly facts

4.

and circumstances indicating he was entitled to further equitable credits or offsets under *Jackson v. Jackson* (1975) 51 Cal.App.3d 363 (*Jackson*), referred to by the trial court and parties as *Jackson* credits; and (ii) there was insufficient evidence to show that he failed to pay any child support. However, appellant has failed to provide an adequate record on appeal regarding his assertions. In particular, the record on appeal does not include a reporter's transcript of the oral testimony and relevant argument presented by the parties at the pertinent hearing before the trial court; nor does the record on appeal include the documentary evidence presented at that same hearing. Because the record before us is wholly inadequate to allow meaningful review of appellant's assertions of error, they are deemed forfeited under the authorities outlined above. (See, e.g., *Gee v. American Realty & Construction, Inc.*, *supra*, 99 Cal.App.4th at p. 1416; *Hernandez v. California Hospital Medical Center*, *supra*, 78 Cal.App.4th at p. 502.) Therefore, the presumption in favor of the trial court's order prevails, and appellant's appeal must be rejected.

Additionally, appellant has made his unsupported assertions of error in a perfunctory and conclusory manner, without any adequate legal discussion or analysis. This failure by appellant provides a second compelling reason for our rejection of his appeal. It is well established that where an assertion lacks adequate legal discussion or citation to relevant authority, we may treat it as forfeited or abandoned. (*Bank of America, N.A. v. Roberts* (2013) 217 Cal.App.4th 1386, 1399; *Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) Similarly, when arguments are raised in a perfunctory or conclusory manner, without adequate analysis, we may pass over them and treat them as forfeited. (*Tilbury Constructors, Inc. v. State Comp. Ins. Fund* (2006) 137 Cal.App.4th 466, 482; *People v. Harper* (2000) 82 Cal.App.4th 1413, 1419, fn. 4; *People v. Stanley* (1995) 10 Cal.4th 764, 793; *People v. Turner* (1994) 8 Cal.4th 137, 214, fn. 19; *Landry v. Berryessa Union School Dist*. (1995) 39 Cal.App.4th 691, 699–700.) That is the case here.

In summary, appellant's appeal is unavailing and without merit because he has failed to meet his fundamental burden as an appellant to affirmatively demonstrate reversible error based upon (i) an adequate record, and (ii) adequate legal and factual analysis. Both aspects of appellant's burden on appeal were glaringly lacking here. Because the trial court's order is presumed correct, and appellant has failed to meet his minimal burden as appellant, the presumption prevails. For these reasons, the order of the trial court shall be and is affirmed.

## II. No Showing Made That Additional *Jackson* Credits Required

In accordance with our conclusions stated hereinabove, and to provide further elaboration of the defects we have noted, we briefly highlight the deficiency of appellant's appeal relating to the so-called *Jackson* credits. As mentioned above, the trial court's order did, to some extent, offset the total child support arrears by crediting appellant with certain months payments as *Jackson* credits. Appellant apparently believes the trial court should have done more. On this record, we disagree.

Although a trial court is without power to retroactively modify accrued child support under an existing child support order, the court does have equitable discretion to partially enforce the order in a way that recognizes equitable considerations. (*In re Marriage of Wilson* (2016) 4 Cal.App.5th 1011, 1016–1017.) Thus, an equitable offset may be granted with respect to a discrete period of time that the supporting parent was actually caring for the minor child in his or her own home, and solely bearing the expense thereof, thereby effectively discharging his or her support obligation during that time. (*Jackson*, *supra*, 51 Cal.App.3d 363, 368; accord, *In re Marriage of Trainotti* (1989) 212 Cal.App.3d 1072, 1074–1075; see *Keith G. v. Suzanne H.* (1998) 62 Cal.App.4th 853, 858–859.) This has been referred to as a *Jackson* credit or offset.

As noted, the trial court exercised its equitable discretion by expressly recognizing that the total arrears owed by appellant would be offset pursuant to *Jackson*, with respect to certain months identified in the order. Presumably, as to those months, there was some

evidence presented in the trial court that appellant was solely caring for the party's minor child at his own expense during those months.  Appellant argues on appeal that further credits or offsets should have been granted, but there is no record of any evidence to possibly support that contention.  Appellant's argument is no more than a bare assertion, and thus no error or abuse of discretion has been shown.  And even if appellant could somehow point to one part of the totality of the evidence that arguably supported his argument, the trial court was not required to credit or value it.  Either way, the appeal would fail.

## DISPOSITION

The order of the trial court is affirmed.  Respondent is entitled to recover her costs on appeal.