Filed 3/29/24  Marriage of V.B. and R.B. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of V.B. and R.B. | D081161 |
| V.B., | |
| Appellant, | (Super. Ct. No. D433636) |
| v. | |
| R.B., | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Adam Wertheimer, Commissioner.  Affirmed.

V.B., in pro. per., for Appellant.

No appearance for Respondent.


V.B. (mother) appeals the postjudgment order granting R.B. (father) equitable offsets against child support arrears for periods in which he took physical custody of the parties' minor children.  V.B. contends a late filing by R.B. violated her due process rights, and R.B. should not have been granted

offsets because he abducted the children and failed to support them. We affirm.

## BACKGROUND

V.B. and R.B. had two children, a daughter born in 1989 and a son born in 1996, before they divorced in 1997. V.B. was granted physical custody of the children, and R.B. was granted visitation and ordered to pay monthly child support. R.B. defaulted on the support payments, and arrears remained after the children had reached the age of majority.

On November 12, 2020, R.B. filed a request for an order determining the arrears and granting him equitable offsets for periods during which he had physical custody of the children. In opposition to the request, V.B. filed two declarations, in which she disputed the dates R.B. claimed he had custody and asserted he was not entitled to offsets because he abducted the children and failed to support them.

R.B.'s request came on for an evidentiary hearing on April 22, 2022. The family court granted the motion of R.B.'s counsel to be relieved as counsel and continued the hearing to August 5. V.B. stated she had no objection to the continuance. The court ordered any additional documents filed by June 10 and any responses thereto by June 17. R.B. filed an affidavit on July 22.

The family court held an evidentiary hearing on R.B.'s request for equitable offsets on August 5, 2022. Both parties appeared from remote locations and were sworn as witnesses.

R.B. testified he had custody of both children in Texas from July 1998 through August 1999. V.B. testified the children were supposed to be in Texas only for the summer, but after R.B.'s sister enrolled the daughter in school there, V.B. agreed to let them stay.

2

R.B. testified V.B. sent the children to him in Texas in December 2005 after someone broke into her house in California and threatened their daughter; and he took custody of their daughter from December 2005 through July 2006, and of their son from December 2005 through April 2006. According to R.B., the daughter remained with him in Texas longer than the son did because she wanted to finish the school year there. V.B. agreed she sent the children to R.B. out of concern for their safety. She testified that because R.B. had moved and not notified her of his new address, she did not know where the children were living until a private investigator informed her of their location in January 2006; she went to Texas in April to retrieve the children; and she was able to take their son back with her to California at that time, but their daughter remained in Texas until a court ordered her to go back to California with V.B. in July. When the court asked R.B. whether he had "the same residence from when the kids came to [him] in December until they left," he responded, "That is correct, sir."

The parties agreed R.B. had physical custody of their son from August 2008 through July 2009.

After hearing the testimony and closing statements from the parties, the family court expressly found R.B. more credible than V.B., stated it "believe[d] his rendition of the facts," and awarded equitable offsets against the child support arrears for the periods R.B. had taken physical custody of the children.

V.B. appealed the order granting R.B.'s requested offsets. (See Code Civ. Proc., § 904.1, subd. (a)(2) [postjudgment order is appealable]; *S.C. v. G.S.* (2019) 38 Cal.App.5th 591, 597 ["Postjudgment orders relating to child support arrears are appealable."].)

3

V.B. does not clearly set out in her brief claims of error under separate headings as required (Cal. Rules of Court, rule 8.204(a)(1)(B); *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153), but we discern two such claims: (1) R.B.'s late filing and service of an affidavit (which V.B. mistakenly calls a "motion") "severely undermined [her] ability to prepare an adequate response" and constituted a "denial of due process rights"; and (2) the family court should not have granted R.B. equitable offsets against the child support arrears, because he "abducted" the children in 2006 and generally neglected his parental responsibilities and failed to pay child support after the parties divorced in 1997. Neither claim warrants reversal of the challenged order.

R.B.'s filing and service of his affidavit after the June 10, 2022 deadline set by the family court did not violate V.B.'s due process rights. The federal and state Constitutions prohibit deprivations of life, liberty, or property "without due process of law." (U.S. Const., 14th Amend., § 1; Cal. Const., art. I, § 7, subd. (a).) The interest protected by the due process clauses at issue in this case is V.B.'s property interest in the child support arrears against which R.B. sought offsets. Due process ordinarily requires "reasonable notice and a meaningful opportunity to be heard." (*In re J.R.* (2022) 82 Cal.App.5th 569, 572; *In re Marriage of Benner* (2019) 36 Cal.App.5th 177, 197.) Those requirements were satisfied in this case.

The precise notice V.B. was given is unclear because she did not include in the record a copy of R.B.'s request for an order granting offsets. We may infer, however, from documents she did include that she had notice sufficient to allow her to respond to R.B.'s claim. In two declarations, V.B. identified the periods R.B. claimed he had custody of the children and for which he

4

sought offsets against the arrears, and she asserted grounds on which she believed he should not be granted the offsets. In the late-filed affidavit to which V.B. objects, R.B. did not assert any additional periods or grounds for which he sought offsets. V.B. has identified no evidence or argument she would have presented had the affidavit been timely filed and served, but did not present because it was untimely. In any event, it is likely the family court did not even consider the affidavit. At the evidentiary hearing on R.B.'s request, the court stated, "[S]ome of this information I may or may not consider based upon how late it is." The parties went on to testify about each period for which R.B. claimed he had custody of the children and sought an offset against the arrears. The court found R.B. more credible than V.B., adopted his version of the facts, and granted the requested offsets. The record thus shows V.B. had the notice and opportunity to be heard required for due process of law.

The record also supports the family court's decision to grant R.B. offsets against child support arrears for periods he had custody of the children. A court may not retroactively modify arrears accumulated under an existing child support order, but "it is within the court's equitable power to deny *enforcement* of the arrears on equitable grounds under certain circumstances." (*In re Marriage of Wilson* (2016) 4 Cal.App.5th 1011, 1016 (*Wilson*).) In particular, a court may grant a credit or offset against child support arrears for a period during which the parent owing the arrears effectively discharged the support obligation by caring for the child in his or her own home. (*In re Marriage of Trainotti* (1989) 212 Cal.App.3d 1072, 1075–1076; *In re Marriage of Okum* (1987) 195 Cal.App.3d 176, 182 (*Okum*); *Jackson v. Jackson* (1975) 51 Cal.App.3d 363, 368 (*Jackson*).) At the evidentiary hearing, the family court credited R.B.'s testimony he had

5

physical custody of the children for the periods he claimed and awarded him offsets for those periods. Since that credibility finding is binding on us and R.B.'s testimony constitutes substantial evidence to support the offsets awarded by the court, we must uphold its order. (*In re Marriage of Dick* (1993) 15 Cal.App.4th 144, 160 (*Dick*) [trial court's credibility determination is binding on reviewing court]; *Okum*, at p. 182 [order supported by substantial evidence must be affirmed].)

V.B. does not dispute R.B. actually had custody during the periods for which the family court awarded him equitable offsets against the child support arrears. Rather, as we understand her brief, V.B. contends R.B. should not have been awarded those offsets because: (1) for the 2005–2006 period in which R.B. had custody, he "abducted" the children by changing residences without V.B.'s knowledge; and (2) after the parties divorced in 1997, R.B. generally failed to meet his support and other parental obligations. These contentions are unpersuasive.

V.B.'s abduction argument lacks factual and legal support.[1] The family court implicitly rejected the factual premise of the argument by stating it "believe[d] [R.B.'s] rendition of the facts," which included his testimony he had the same residence for the entire time the children were with him during the 2005–2006 period for which he sought an offset. We are bound by that factual determination. (*Dick, supra*, 15 Cal.App.4th at p. 160; *Okum, supra*,

---

[1] As support for this argument, V.B. requests judicial notice of two orders from a Texas court concerning the return of her daughter to her in July 2006 and a page of reporter's transcript of a hearing in the family court at which V.B.'s former attorney mentioned the orders. We deny the request. The orders were not presented to the family court for consideration at the evidentiary hearing (*In re Eric E.* (2006) 137 Cal.App.4th 252, 262, fn. 7), and their consideration is not necessary or helpful to resolution of the appeal (*Atempa v. Pedrazzani* (2018) 27 Cal.App.5th 809, 819–820).

195 Cal.App.3d at p. 182.) V.B. has cited no legal authority to support her contention that R.B.'s change of residence without her knowledge disentitles him to offsets for the time he took custody of the children. Her failure to present a persuasive argument with citations to supportive legal authorities allows us to reject the contention as forfeited. (*LNSU # 1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050, 1070.) Were we to reach the contention, we would reject it. Even if R.B. moved with the children at some point and did not tell V.B., we see no reason why that move should deprive him of an offset. Offsets against arrears are allowed a noncustodial parent who has been ordered to pay child support for periods the parent has physical custody of the child because by taking custody the parent effectively discharges the support obligation. (*Wilson, supra*, 4 Cal.App.5th at pp. 1016–1017; *Jackson, supra*, 51 Cal.App.3d at p. 368.) That justification applies whether the noncustodial parent lives with the children at a residence known to the custodial parent throughout the custodial period or moves with them to a location unknown to the custodial parent during the period. "Where the reason is the same, the rule should be the same." (Civ. Code, § 3511.)

Finally, V.B.'s complaints that R.B. repeatedly neglected his parental responsibilities and defaulted on child support payments do not justify reversal of the challenged order. Those complaints were not pertinent to resolution of R.B.'s request for equitable offsets against the child support arrears. The request proceeded on the uncontested premise R.B. had defaulted on child support payments. The questions the family court had to decide were whether he should be given offsets against the arrears because he had taken physical custody of the children and, if so, for what periods. V.B.'s dissatisfaction with R.B.'s performance of his parental duties had no

bearing on the decision of those questions.  "The purpose of the child support order was to insure that [the children were] properly cared for and was not to provide [V.B.] with a weapon to be used retributively against [R.B.]." (*Jackson, supra*, 51 Cal.App.3d at p. 368.)

## DISPOSITION

The order granting R.B.'s request for equitable offsets against child support arrears is affirmed.


IRION, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DO, J.