Filed 12/13/24  Saria v. Soriano CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| AIMEE D. SARIA,<br><br>        Appellant,<br><br>    v.<br><br>JAMES SORIANO,<br><br>        Respondent. | D082033<br><br><br>(Super. Ct. No. DS39513) |

APPEAL from order of the Superior Court of San Diego County, Carlos Varela, Judge.  Affirmed.

Bickford Blado & Botros and Andrew J. Botros for Appellant.

Law Offices of Beatrice L. Snider, Alexandria M. Jones and John L. Romaker for Respondent.

Aimee D. Saria appeals a postjudgment order in which the superior court credited her ex-husband, James Soriano, for child support payments he had made for periods in which the parties' children lived with him.  She contends the trial court erred in awarding the credits.  We disagree, and therefore we affirm.

# I.
# Background

Saria and Soriano are the parents of two children, Nicole and Isabella. In a stipulated judgment of dissolution entered in 2010, the superior court ordered joint physical custody, joint legal custody, and "[r]easonable right[s] of visitation as mutually agreed between the parties," and it further ordered that Soriano was to pay Saria monthly child support in the amounts of $419 for Nicole and $762 for Isabella.

Eventually, Saria moved out of state and the children began living primarily with Soriano—even as he continued making child support payments to Saria. In addition, with the passage of time, Soriano accumulated arrearages in amounts owed to Saria for matters other than child support.

Several years after the children had commenced living primarily with Soriano, Saria petitioned the superior court to address the arrearages, and Soriano petitioned the court to credit him for the child support payments he had made to Saria for periods when the children lived with him. The court entered an order granting relief to Saria with respect to the arrearages, and crediting Soriano for the child support payments. Each party appealed the order insofar as it granted relief to the other.

Soriano's appeal is not before us now because, in an order entered earlier this year, we granted a motion by Saria to dismiss Soriano's appeal on the basis of the disentitlement doctrine.[1] But Saria's appeal remains before us, and it is the focus of this opinion.

---

[1] After we dismissed his appeal, Soriano filed a motion to reinstate it. We denied the motion.

2

In considering Soriano's request for offset of the child support payments he had made, the superior court found that Nicole and Isabella had lived with Soriano for 87 and 21 months, respectively, during periods in which he had paid child support to Saria. In the words of the court: "Mr. Soriano kept a roof over the heads of the children, paid for their food, paid for their necessities, and . . . even paid for the travel for them to see Ms. Saria . . . [a]t the same time [that he] was paying child support to Ms. Saria." The court also found that, while they lived with Soriano, there were also periods of time in which the children would visit Saria "approximately three to four weeks, but no more than four weeks," each year. On the basis of these findings, the superior court issued an order requiring that the arrearages Soriano owed to Saria be offset in the amount of $52,455.[2]

## II.
## Discussion

In general, a trial court may not modify or terminate child support obligations retroactively. (See Fam. Code § 3651, subd. (c)(1) [articulating the general rule that "a support order may not be modified or terminated as to an amount that accrued before the date of the filing of the notice of motion or order to show cause to modify or terminate," and referencing exceptions]; cf. former Civ. Code § 4700 ["[a]ny order for child support may be modified or revoked as the court may deem necessary, except as to any amount that may have accrued prior to the date of the filing of the notice of motion or order to show cause to modify or revoke"].)

But the rule is not absolute. In a line of cases dating to 1975, trial courts have been at liberty to draw on their equitable powers to "credit" child support-payment obligors for support payments that they failed to make

---

[2]     ($419/month x 87 months) + ($762/month x 21 months) = $52,455.

3

during period of time in which they were furnishing their children with a home and support equaling or exceeding in value what the court had ordered. (See, e.g., *Jackson v. Jackson* (1975) 51 Cal.App.3d 363 (*Jackson*); *In re Marriage of Trainotti* (1989) 212 Cal.App.3d 1072 (*Trainotti*).) " 'The trial court may determine that nothing is owed for child support amounts that accrued during the period the supported child was living with the obligor parent. This does not effect an improper 'retroactive modification' [of a child support order] because the arrearages are deemed satisfied by the obligor's direct provision for the child's needs during the applicable period of time.' " (*Helgestad v. Vargas* (2014) 231 Cal.App.4th 719, 733 (*Helgestad*). (See also Hogoboom and King, Cal. Practice Guide: Family Law (The Rutter Group 2024) ¶ 6:742, p. 6-438 ["[S]upport arrearages may be forgiven (discharged and not enforceable by execution or otherwise) as to that period of time the children were residing with and cared for by the obligor parent. In effect, the obligor parent's direct provision for the children during the time the obligor parent has physical custody may be offset against the court-ordered amount that accrues for the same period."]; *id.*, at ¶ 18:42, p. 18-18 ["a child support obligation may be deemed offset (satisfied) to the extent the obligor parent furnished the child with a home and support that was equal to or in excess of the court-ordered amount"].) It is on the basis of this line of cases that the trial court in this case awarded Soriano the $52,455 in what it referred to as *Trainotti/Jackson* credits.

Saria contends the trial court erred in awarding the *Trainotti/Jackson* credits because: (1) "*Trainotti/Jackson* credits are only available when a parent assumes *sole* physical custody of the minor children" (italics added); and (2) the *Trainotti/Jackson* line of cases is inapplicable in situations (such as this) in which court-ordered child support payments have *already* been

4

made and are sought to be recouped. These arguments present pure questions of law based on undisputed facts, and therefore we review the grant of *Trainotti/Jackson* credits in this case de novo. (*See S.C. v. G.S.* (2019) 38 Cal.App.5th 591, 598.)

Focusing first on Saria's argument that *Trainotti/Jackson* credits are available only in situations in which a parent has assumed *sole* physical custody, we conclude it is incorrect. Courts have applied the principles articulated in *Trainotti* and *Jackson* to situations (such as that present here) in which a parent, in lieu of paying court-ordered child support, has instead substantially—although not exclusively—furnished their child with *actual* support the value of which equals or exceeds what was ordered. (See, e.g., *Helgestad, supra,* 231 Cal.App.4th at pp. 732-734 [rejecting "the idea [that] the [*Trainotti/*]*Jackson* line is confined to 100 percent switchovers of custody"]; *In re Marriage of Okum* (1987) 195 Cal.App.3d 176, 182-183 [concluding father "was entitled to equitable relief from his [child support] arrearage" in situation in which mother's custody of daughter was deemed "not . . . substantial [enough] . . . to warrant any recovery [by the mother] for [that] arrearage," italics added]. Cf. *In re Marriage of Matthews* (1980) 101 Cal.App.3d 811, 819 [rejecting "contention . . . that . . . trial court erred in reducing [father's] child support obligation . . . during the one summer month in each year when he had custody of the children"].)

Turning to Saria's second argument (that the *Trainotti/Jackson* line of cases is inapplicable in situations in which court-ordered child support has been paid and is sought to be recouped) we begin by acknowledging two circumstances highlighted in Saria's brief on appeal. These are: (1) that at issue in *Trainotti* and *Jackson* was whether court-ordered child support payments that had *not* been made could in effect be excused, whereas at issue

5

in the *present* case is whether such payments that *have* been made may be applied as an *offset* to other amounts that are owed to the payee parent; and (2) that the court in *Jackson* noted that, "as a practical matter[,] simply denying the [payee parent] the right to enforce all or part of the accrued arrearages is not the same as requiring reimbursement." (*Jackson, supra*, 51 Cal.App.3d at p. 368.) These observations are correct as far as they go.

But, borrowing from *Trainotti*, so too is it correct that: "The instant case is little different from any other instance in which a trial court, in determining the amount of a judgment, is required to credit the judgment debtor with any setoff to which he is entitled." (*Trainotti, supra,* 212 Cal.App.3d at p. 1075.) In theory and in practice, we see no appreciable difference between a court's assessment as to whether support furnished in kind ought to be applied as an offset to a child support arrearage and its assessment as to whether such support ought to be applied as an offset to any other arrearage the payee parent may be owed. In either situation, the court would be expected to consider such equitable matters as the passage of time and the payee parent's ability to absorb the offset. Here, there is no reason to conclude that the trial court did not give due consideration to such matters. The trial court evidently concluded that applying *Trainotti/Jackson* credits as an offset to the non-child-support-related arrearages owed to Saria was the equitable result under the circumstances. Therefore, we decline to accept Saria's invitation to rule, as a matter of law, that the principles articulated in *Jackson* and *Trainotti* cannot under any circumstances support applying what in essence are redundant child support payments as an *offset* to non-child-support-related amounts owed to the payee parent.

## III.
## Disposition

The portion of the trial court's order offsetting arrearages owed to Saria by $52,455 in *Trainotti/Jackson* credits is affirmed.  Each party is to bear their own costs on appeal.

KELETY, J.

WE CONCUR:


DO, Acting P. J.


BUCHANAN, J.