Filed 3/27/13  Marriage of Brown CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of MICHELLE M. and GARY L. BROWN. | D060142 |
| MICHELLE M. BROWN, Respondent, v. GARY L. BROWN, Appellant. | (Super. Ct. No. D508947) |

APPEAL from an order of the Superior Court of San Diego County, Christine K. Goldsmith, Judge.  Affirmed.

Michelle Brown (Michelle) moved to set aside a judgment of dissolution to the extent it incorporated a portion of a Marital Settlement Agreement (MSA) purporting to waive her rights to share in the sales proceeds from a sale of real property in Barstow. She asserted, among other grounds for setting aside that aspect of the judgment, that (1) her former husband Gary Brown (Gary) did not comply with the disclosure requirements

of Family Code[1] section 2100 et seq., which provided grounds for relief under section 2122, subdivision (f); and (2) the judgment was agreed to by Michelle based on a mistake of fact and/or law within the meaning of section 2122, subdivision (e). The court agreed, finding Gary had not complied with the disclosure requirements imposed by section 2104, and Michelle was also entitled to pursue relief under the mistake of law and/or fact provisions of section 2122, subdivision (f). The court granted Michelle the requested relief and determined the proceeds from the sale of the Barstow property were an unadjudicated asset within the meaning of section 2556 over which the court retained jurisdiction for purposes of division between the parties, and ordered Gary to contribute to her attorney fees. On appeal, Gary asserts the evidence was insufficient to support the order.

I

FACTUAL AND PROCEDURAL BACKGROUND

A. Genesis of the Dispute

The facts, viewed most favorably to the order, showed Gary and Michelle were married in 2004. Shortly after they married, Michelle used approximately $85,000 of her separate property to pay creditors of Gary's father (Father). Father did not reimburse Michelle for these expenditures; instead, in March 2005, he quitclaimed property he owned in Barstow to Michelle and Gary as repayment for Michelle's payments to Father's creditors.

---

[1] All further statutory references are to the Family Code unless otherwise specified.

2

In February 2008, Michelle and Gary sold the Barstow property and received net equity proceeds of over $127,000 (the proceeds), which was deposited into a joint bank account on April 10, 2008. These proceeds are the subject of Michelle's petition to set aside a portion of the judgment.

Five days after the proceeds were placed into the joint account, Michelle filed her action to begin dissolution proceedings. Within three days after Michelle's action was filed, and without her knowledge or consent, Gary withdrew more than $77,000 from the account. One month later, again without Michelle's knowledge or consent, Gary withdrew another $42,000, and apparently placed those funds in a Certificate of Deposit. The remaining approximately $8,000 was used to pay household expenses, refinance expenses, and miscellaneous items.

When Michelle filed her property declaration, she listed the proceeds as having been placed into an account at Bank of America. Gary did not file a property declaration. Instead, Gary filed a schedule of assets and debts, but that schedule did not mention the proceeds.[2] In a letter apparently accompanying Gary's schedule of assets, his attorney proffered numerous suggestions for resolving and settling the various issues between the parties, including child custody, spousal and child support, and the division of assets. In that settlement proposal, Gary's attorney responded to Michelle's listing of the proceeds as an asset held at Bank of America by asserting the proceeds actually belonged to

---

[2]     One year later, Gary also filed an income and expense declaration that mentioned he held a "community CD" worth $42,000, but there was no identification of what funds had been used to acquire that CD.

Father, who used some of the money to repay a loan from Gary to Father. The attorney's letter proposed the Bank of America account would be closed and Gary would receive only the remaining $300 in the account.

The parties apparently tried to negotiate a resolution of their disputes, including the dispute over the proper division of the proceeds, well into the spring of 2009. However, the parties were unable to agree and Michelle filed a settlement brief in connection with a scheduled August 6, 2009, mandatory settlement conference. Her settlement brief proposed (among other things) that she receive $64,000 as her equal share of the proceeds.

During the two-hour settlement conference, Michelle explained to the settlement judge that she had used her separate property to pay Father's creditors and that Father deeded the Barstow Property to her and Gary as consideration for her payment of Father's debts. Gary claimed, apparently for the first time, that he had inherited the property and it was his separate property. Gary's counsel then stated, considering this new information, the parties should go to trial because they would not be able to reach a settlement. The settlement judge then suggested the parties enter into a partial agreement, which would resolve most issues but would exclude the proceeds from the agreed-on division of assets and would leave the latter issue to be addressed later. The settlement judge stated that, if Michelle was amenable to that disposition, she should not initial the particular page of the MSA containing reference to the proceeds of the sale of the Barstow property. Michelle was agreeable to severing this issue from the other agreed-on terms, and therefore did not initial the page of the MSA containing references

4

to waiving any claim to the Barstow proceeds. Michelle was not represented by counsel during the August 6, 2009, hearings.

After the August 6, 2009, mandatory settlement conference concluded, the parties appeared before Judge Foster. The parties orally affirmed that the terms of the MSA represented their agreement and that it should be incorporated into the judgment. The court ordered the MSA incorporated into the judgment. However, because the settlement judge was not present and Michelle was unrepresented by counsel, Michelle was unaware that the parties' agreement (to sever her claim to a portion of the Barstow proceeds from the MSA and leave that issue to later resolution) should have been placed on the record by a request that the court reserve jurisdiction over the Barstow proceeds issue. A judgment incorporating the MSA was ultimately entered on November 5, 2009.

After the August 9, 2009, proceedings, Michelle made numerous attempts to follow up and resolve the issue of the Barstow proceeds by contacting both Gary and his counsel, but she was unsuccessful. On November 5, 2010, Michelle filed her set-aside motion seeking to vacate the provision of the judgment purporting to waive her interest in the Barstow proceeds.

B. The Ruling on Michelle's Set-aside Motion

The trial court, after recognizing Michelle had the burden of proof on her claims for relief, concluded she was entitled to relief under section 2122, subdivisions (e) and (f). The court found "it is apparent from [the evidence] there was no true meeting of the minds regarding the parties 'settlement,' due principally to [Gary's] failure to meet his disclosure obligations and [Michelle's] ongoing belief that the parties would continue to

5

discuss the division of the Barstow proceeds."  The court also concluded Gary had violated his fiduciary duty to Michelle within the meaning of section 1101, subdivision (a), which provided additional grounds to grant the set-aside motion.  The court found the Barstow assets were an unadjudicated asset within the meaning of section 2556, reserved jurisdiction to divide the Barstow proceeds, and ordered Gary to contribute to Michelle's attorney fees.  Gary timely appealed.

II

ANALYSIS

Gary asserts the evidence was insufficient to support the finding he did not comply with his disclosure obligations, or to support the finding Michelle was operating under a mistake of fact or law when she assented to the MSA that became incorporated into the November 5, 2009, judgment, or to support the finding he violated his fiduciary duty to Michelle.

A. Legal Standards

*Grounds for a Set-aside Order*

In dissolution proceedings each party is generally required, absent certain exceptions set forth in the statute, to serve on the other party a preliminary declaration of disclosure, executed on "penalty of perjury on a form prescribed by the Judicial Council." (§ 2104, subd. (a).) This preliminary declaration is not filed with the court, except on court order, although the parties must file a proof of service on the other party with the trial court.  (§ 2104, subd. (b).) These preliminary disclosures must be "set forth with sufficient particularity, that a person of reasonable and ordinary intelligence can

6

ascertain, all of the following: [¶] (1) The identity of all assets in which the declarant has or may have an interest and all liabilities for which the declarant is or may be liable, regardless of the characterization of the asset or liability as community, quasi-community, or separate. [¶] (2) The declarant's percentage of ownership in each asset . . . ."  (§ 2104, subd. (c).)

If the trial court enters a judgment in a dissolution proceeding when the parties did not comply with all the disclosure requirements set forth in section 2104, the trial court "shall set aside the judgment. The failure to comply with the disclosure requirements does not constitute harmless error."  (§ 2107, subd. (d).)  Under section 2122, there are six grounds on which a party may base a motion to set aside a judgment: "(a) Actual fraud . . . .  [¶] (b) Perjury. . . .  [¶] (c) Duress. . . .  [¶] (d) Mental incapacity. . . .  [¶] (e) As to stipulated or uncontested judgments or that part of a judgment stipulated to by the parties, mistake, either mutual or unilateral, whether mistake of law or mistake of fact. . . .  [¶] (f) Failure to comply with the disclosure requirements of Chapter 9 (commencing with Section 2100)."  An action or motion based on either mistake or failure to comply with the disclosure requirements must be brought within one year after the date on which the complaining party either discovered, or should have discovered, the failure to comply.

*Standard of Review*

"We review the trial court's decision in ruling on the motion to set aside the judgment . . . to determine if the trial court abused its discretion" (*In re Marriage of Brewer & Federici* (2001) 93 Cal.App.4th 1334, 1346), and Gary as appellant has the

7

burden to establish an abuse of discretion has occurred.  (Cf. *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  " '[T]he showing on appeal is wholly insufficient if it presents a state of facts . . . which . . . merely affords an opportunity for a difference of opinion.  An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' "  (*In re Marriage of Varner* (1997) 55 Cal.App.4th 128, 138.)

Gary's appellate attack on the set-aside order as an abuse of discretion essentially depends on whether substantial evidence supported the court's express and implied findings that Gary violated the disclosure obligations and/or that the stipulated judgment was the product of mistake.  (Cf. *Slavin v. Borinstein* (1994) 25 Cal.App.4th 713, 718.)  Each finding "must be upheld if supported by substantial evidence [citation], viewing the evidence in the light most favorable to the prevailing party and giving that party the benefit of every reasonable inference.  (*In re Marriage of Mix* (1975) 14 Cal.3d 604, 614 . . . .)  We must accept all evidence favorable to that party as true and discard contrary evidence as lacking sufficient verity to be accepted by the trier of fact.  (*In re Marriage of Okum* (1987) 195 Cal.App.3d 176, 182 . . . .)  The testimony of a single witness, even the party himself, may be sufficient.  (*In re Marriage of Mix, supra,* at p. 614; cf. Evid. Code § 411.)"  (*In re Marriage of Catalano* (1988) 204 Cal.App.3d 543, 548.)

B. Analysis

Assuming Gary has not waived his appellate claims,[3] we conclude there is substantial evidence supporting both findings. The finding that Gary did not comply with the disclosure obligations imposed by section 2104 is supported by the evidence that, although he filed a schedule of assets and debts, that schedule did not mention either the proceeds or the existence of the $42,000 certificate of deposit. Gary argues that, because his attorney's letter outlining a proposed settlement satisfied the requirements of section 2104, there was no evidence to support the finding Gary did not comply with section 2104. However, section 2104 specifies that the required preliminary declaration be

---

[3]    When an appellant challenges a finding for insufficiency of the evidence to support it, he or she is required to set forth in the appellant's opening brief all the material evidence on that issue or finding and not merely evidence favorable to his or her position. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.) "In furtherance of its burden, the appellant has the duty to fairly summarize all of the facts in the light most favorable to the judgment. [Citation.] Further, the burden to provide a fair summary of the evidence 'grows with the complexity of the record. [Citation.]' " (*Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1658.) An appellant must state fully, with transcript citations, the evidence claimed to be insufficient to support the trial court's findings. (*In re Marriage of Fink* (1979) 25 Cal.3d 877, 887.) Unless this is done, the asserted error is deemed waived. (*Foreman & Clark,* at p. 881.) "An appellate court will consider the sufficiency of the evidence to support a given finding only after a party tenders such an issue together with a fair summary of the evidence bearing on the challenged finding, particularly including evidence that arguably *supports* it." (*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409-410.) Furthermore, "[a] party who challenges the sufficiency of the evidence to support a finding *must set forth, discuss, and analyze all the evidence on that point, both favorable and unfavorable*" (*Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218, italics added), and a failure to do so permits a reviewing court to deem waived any substantial evidence contention. (*Ibid.*) Based on our review of the record on appeal, it is clear Gary has not set forth a sufficient statement of facts stating *all* of the *material* evidence, both favorable and unfavorable, to his position on the disputed issues. Instead, he appears to have cited only evidence favorable to his position. This default would permit us to deem his claims forfeited, but we nevertheless address his claims on the merits.

9

contained "on a form prescribed by the Judicial Council" *and* be "executed under penalty of perjury." (§ 2104, subd. (a).) The attorney's letter satisfied neither requirement. Moreover, even assuming the attorney's letter was somehow incorporated into a declaration complying with section 2104, the attorney's letter did not disclose the existence of *any* asset: it merely stated the proceeds had been distributed to Father, and Father had then repaid Gary for a loan he made to Father out of his separate property.[4]

There is also substantial evidence to support the finding Michelle was operating under a mistake of fact or law when she assented to the MSA that became incorporated into the November 5, 2009, judgment. She averred that she understood, based on representations made to her by the settlement judge during the two-hour settlement conference (which representations were apparently unchallenged by either Gary or his attorney at that conference), that by agreeing to all parts of the MSA except the page she did not initial (containing the waiver of her rights to a share of the Barstow proceeds), the parties could resolve all issues except the Barstow proceeds and could reserve that issue for future resolution. The copy of the MSA lodged in support of her claim corroborates her testimony, because *all* pages *except* the page waiving her rights to a share of the Barstow proceeds are initialed by Michelle. Moreover, in her set-aside motion below, she averred (without contradiction by either Gary or his attorney) that after the August 6, 2009, hearing she made numerous attempts to follow up and resolve the issue of the

---

[4] One year later, Gary did file an income and expense declaration, which mentioned he held a "community CD" worth $42,000, but there was no identification that the Barstow proceeds had been used to acquire that CD.

10

Barstow proceeds through contacting both Gary and his counsel but was unsuccessful, and Gary introduced no evidence that either he or his attorney rebuffed her efforts to address the Barstow proceeds by asserting she had already agreed to waive her interest therein. Because the trial court credited Michelle's testimony, the evidence and inferences drawn from the evidence support the trial court's finding that there was no "true meeting of the minds" because Michelle had an "ongoing belief that the parties would continue to discuss the division of the Barstow proceeds."

## DISPOSITION

The order is affirmed. Michelle is entitled to costs on appeal.


McDONALD, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.

11